PEOPLE v LANE

Docket No. 99664. Argued December 5, 1995 (Calendar No. 5). Decided
    July 31, 1996.

Raymond Lane, while an inmate of the Department of Corrections,
    was charged in the Branch Circuit Court with three counts of
    assaulting a prison employee and of being an habitual offender,
    fourth offense. Before trial, the court, Michael H. Cherry, J.,
    granted the defendant's motion to proceed in propria persona and
    appointed an attorney to assist him. Thereafter, the defendant was
    convicted by a jury of two of the three counts and, following the
    trial of the habitual offender charge, was found guilty. Sentence
    was imposed over 3½ months later. The Court of Appeals,
    DOCTOROFF, C.J., and CONNOR and E. E. BORRADAILE, JJ., affirmed in an
    unpublished memorandum opinion, holding that the court's failure
    to comply with MCR 6.005(E) at the habitual offender trial and the
    sentencing hearing did not require reversal because legal counsel
    was available in an advisory capacity during all the proceedings
    (Docket No. 155399). The defendant appeals.

In an opinion by Justice WEAVER, joined by Chief Justice
BRICKLEY, and Justices BOYLE, RILEY, and MALLETT, the Supreme
Court *held:*

The error in failing to comply with MCR 6.005(E) before the sen-
tencing hearing was harmless because the defendant did not allege
he was prejudiced by it.

1. MCR 6.005(E) requires only that the record show that the
court advise the defendant of the right to an attorney and that an
attorney will be appointed if the defendant is indigent, and that the
defendant either waived the right to counsel or requested a lawyer.
In most circumstances, these requirements would be adequately
met by the judge advising the defendant of the right to an attorney
in the upcoming proceeding, at public expense if necessary, and
asking whether the defendant wishes to have an attorney or to per-
sonally continue the representation. If, in the judge's opinion, the
defendant no longer clearly understands the options and the disad-
vantages of each, the judge should once again engage in the inquir-
ies set forth in *People v Anderson*, 398 Mich 361 (1976), before
obtaining either a valid waiver or a request for counsel.

2. The presence of standby counsel does not legitimize a waiver-of-counsel inquiry that does not comport with legal standards. While the failure to adhere strictly to the court rules in and of itself does not mandate reversal, whether a particular departure from the court rules regulating the initial waiver justifies reversal depends on the nature of the noncompliance. The failure to comply with MCR 6.005(E) is to be treated as any other trial error. A plain, unpreserved error may not be considered by an appellate court for the first time on appeal unless the error could have been decisive of the outcome or unless it falls under the category of cases, yet to be clearly defined, where prejudice is presumed or reversal automatic.

Affirmed.

Justice LEVIN, joined by Justice CAVANAGH, dissenting, stated that where the issue is whether an accused waived the constitutional right to counsel, the burden is necessarily on the people to show waiver. A defendant no more has a burden to object to the inadequacy of the judge's inquiry at a proceeding at which waiver of the right to counsel is asserted, than to a failure to be informed of the right to, or be provided with, counsel.

The absence of counsel, even if it were not duly waived, does not require a new trial in every case. In this case, the failure to comply with the court rule and advise the defendant of his right to counsel, may have affected the sentence imposed on him for being an habitual offender, requiring remand for resentencing.

Where the question is whether the defendant waived the right to counsel, the record of the hearing at which the defendant was not represented by counsel must show that the defendant voluntarily and knowingly waived the right to counsel. The obligation to create the record is imposed on the judge, not the defendant, in this case requiring remand for resentencing at which time the defendant should be represented by counsel if he so desires.

*People v Riley*, 156 Mich App 396; 401 NW2d 875 (1986), overruled in part.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John L. Livesay,* Prosecuting Attorney, and *William E. Molner,* Assistant Attorney General, for the people.

*Colbeck, McAlhany & Stewart, P.C.* (by *J. Richard Colbeck*), for the defendant.

WEAVER, J. We have before us a narrow issue, whether the trial court committed error requiring reversal in failing to advise defendant of his right to counsel, pursuant to MCR 6.005(E),[1] before the habitual offender trial and the sentencing hearing.[2] We do not review the error committed at the habitual offender trial, because it was not properly preserved. In reviewing the court's failure to comply with the court rule before the sentencing hearing, we find the error harmless because defendant does not allege that he was prejudiced by it. We affirm defendant's convictions and sentence.

---

[1] MCR 6.005(E) provides:

Advice at Subsequent Proceedings. Even though a defendant has waived the assistance of a lawyer, the record of each subsequent proceeding (e.g., preliminary examination, arraignment, proceedings leading to possible revocation of youthful trainee status, hearings, trial or sentencing) must affirmatively show that the court advised the defendant of the right to a lawyer's assistance (at public expense if the defendant is indigent) and that the defendant waived that right. Before the court begins such proceedings,

(1) the defendant must reaffirm that a lawyer's assistance is not wanted; or

(2) if the defendant requests a lawyer and is financially unable to retain one, the court must appoint one; or

(3) if the defendant wants to retain a lawyer and has the financial ability to do so, the court must allow the defendant a reasonable opportunity to retain one.

[2] This issue has never before been squarely before this Court. In *People v Dennany*, 445 Mich 412, 416; 519 NW2d 128 (1994), this Court considered "the requisite judicial inquiry to be made before a criminal defendant who affirmatively seeks to proceed in propria persona may be permitted to waive his correlative right to counsel and represent himself." Upon finding that the waiver had not been properly made, the Court held that "Where there is error but it is not one of complete omission of the court rule and *Anderson* requirements, reversal is not necessarily required. . . . Whether a particular departure justifies reversal 'will depend on the nature of the noncompliance.'" *Id.*, p 439. See *People v Anderson*, 398 Mich 361; 247 NW2d 857 (1976).

I

While an inmate in the Department of Corrections, defendant was charged with three counts of assaulting a prison employee and of being an habitual offender, fourth offense. Before trial defendant filed a motion to proceed in propria persona.[3] After careful examination of defendant pursuant to MCR 6.005(D),[4] the court granted his motion to represent himself and appointed an attorney to assist him.[5]

---

[3] In one's own proper person. Black's Law Dictionary (6th ed), p 792.

[4] MCR 6.005(D) provides:

Appointment or Waiver of a Lawyer. If the court determines that the defendant is financially unable to retain a lawyer, it must promptly appoint a lawyer and promptly notify the lawyer of the appointment. The court may not permit the defendant to waive the right to be represented by a lawyer without first

(1) advising the defendant of the charge, the maximum possible prison sentence for the offense, any mandatory minimum sentence required by law, and the risk involved in self-representation, and

(2) offering the defendant the opportunity to consult with a retained lawyer or, if the defendant is indigent, the opportunity to consult with an appointed lawyer.

[5] *The Court*: Mr. Lane, certainly in any matter as grave as this one, with the supplemental information, a maximum penalty of up to 15 years in prison is possible. [E]ach of the other three counts, maximum penalties of up to four years and/or fines of not to exceed $2,000 are possible.

\*		\*		\*

*The Court*: Certainly, Mr. Lane, one of the adages often quoted in circumstances such as this is the old homily that anyone who represents himself has a fool for a—for a client.

The fact is that Mr. Goodwin is vastly experienced and well-qualified in—in criminal matters such as these. Indeed, one of the reasons that he among other attorneys happens to be appointed on—on criminal cases—and, as a matter of fact, he and another attorney share the public defender contract on all non-prison cases in which people are indigent—is because of his—his experience.

And, quite frankly, I think that you would be far better off with—with Mr. Goodwin as an attorney than trying to represent your—

Following a jury trial, defendant was convicted of two of the three initial counts. Immediately following this verdict, the court proceeded to address the habitual offender charge.

> *The Court*: Okay. Apparently, at this point, the only choice, Mr. Lane, would either be to admit to the prior convictions. Do you have a copy of the information in front of you or one available?
>
> I'll just go through them very briefly.
>
> \*          \*          \*
>
> Do you know what you wish to do, regarding those allegations, at this point?
>
> *Mr. Lane*: Yes.
>
> *The Court*: And that would be, please?
>
> *Mr. Lane*: Go to trial.
>
> *The Court*: Okay. At that, we will have the jury brought back in, and we will proceed to trial on that issue.

Following the trial of the habitual offender charge, the defendant was found guilty of being an habitual offender, fourth offense. Over 3½ months later,

---

> yourself, at least as far as trying the case is concerned, if it goes to trial.
>
> \*          \*          \*
>
> *The Court*: Certainly I can't force you to—to have an attorney represent you. What I will do is to have Mr. Goodwin available to—to assist you, to answer any questions that you may have. As well, at the time of trial, I will have him available for you to—to assist.
>
> If you persist in your motion to represent yourself, certainly you have that—that right, but the court would give appropriate instructions to the jury as well that certainly they're not to hold that against you, but you are not to get any benefit from that in their eyes as—as well.
>
> Can you understand that?
>
> *Defendant*: Yes, sir.

defendant was sentenced by the court to three concurrent prison terms of forty to 180 months.

Defendant appealed, and the Court of Appeals affirmed defendant's convictions, holding that the court's failure to comply with MCR 6.005(E) at the habitual offender trial and the sentencing hearing did not require reversal because "legal counsel was available to defendant in an advisory capacity during all the proceedings."[6]

This Court granted leave to appeal[7] limited to the issue whether the trial court committed error requiring reversal in failing to comply with MCR 6.005(E) before the habitual offender trial and sentencing.

II

We first address what must be done at subsequent proceedings to comply with the court rule. MCR 6.005(E) requires only that the record show that the court advised the defendant of the right to an attorney and informed the defendant that an attorney would be appointed for him if the defendant were indigent, and that defendant either waived the right to counsel or requested a lawyer. In most circumstances, these requirements would be adequately met by the judge telling the defendant that in the upcoming proceeding he has the right to an attorney, at public expense if necessary, and asking the defendant whether he wishes to have an attorney or to continue to represent himself. If, in the judge's opinion, the defendant no longer clearly understands the options afforded to him, and the disadvantages of each, the

---

[6] Unpublished memorandum opinion, issued April 27, 1994 (Docket No. 155399).

[7] 448 Mich 851 (1995).

judge should once again engage in the extensive *Anderson* litany[8] before obtaining either a valid waiver or a request for counsel.

The people concede that before both the habitual offender trial and the sentencing hearing the trial court did not comply with MCR 6.005(E). The court did not explicitly advise the defendant on the record of his right to a lawyer's assistance, nor did it determine if defendant still waived that right. The question now becomes whether these errors require reversal.

### III

Initially, we note that the Court of Appeals reasoning, that remand was not required because defendant had legal counsel available to him in an advisory capacity during the proceedings, is erroneous. The presence of standby counsel does not legitimize a waiver-of-counsel inquiry that does not comport with legal standards. The presence of standby counsel is not recognized as an exception to the *Anderson* or court rule requirements. *People v Dennany*, 445 Mich 412, 416; 519 NW2d 128 (1994).

The Court of Appeals made this same error in *People v Riley*, 156 Mich App 396, 401; 401 NW2d 875 (1986). In that case defendant argued on appeal that

---

[8] This Court specified three requirements that must be met before a defendant's request to dismiss his counsel and proceed in propria persona would be granted: 1) the request must be unequivocal. 2) The trial judge must determine whether the defendant is asserting his right knowingly, intelligently and voluntarily. The trial court must make the defendant aware of the dangers and disadvantages of self-representation. The defendant's competence is a pertinent consideration in making this determination. 3) The trial judge must determine that the defendant's acting as his own counsel will not disrupt, unduly inconvenience and burden the court and the administration of the court's business. *People v Anderson*, n 2 *supra*, pp 367-368.

"the trial court erred by not informing him at the arraignments, conference calls, or sentencing of his right to an attorney at public expense pursuant to . . . MCR 6.101(C)." We overrule that portion of the opinion that held that when the court appointed advisory counsel for the defendant, that sufficed to inform him of his right to counsel.

IV

The next question is what standard must be used to determine whether the court's failure to properly advise the defendant requires reversal. This Court has already held that failure to strictly adhere to the court rules in and of itself does not mandate reversal. See *Guilty Plea Cases*, 395 Mich 96; 235 NW2d 96 (1975); *People v Dennany, supra.*

In *Dennany, supra* at 439, this Court said that whether a particular departure from the court rules regulating the initial waiver justifies reversal depends on the nature of the noncompliance. Here, however, we are not dealing with an initial waiver and its attendant constitutional implications. No one has alleged that the waiver at subsequent proceedings is required by the Michigan or United States Constitutions. As Justice BOYLE noted in her dissent in *Dennany, supra* at 464, "[t]he requirement in MCR 6.005(E) that a trial court obtain a new waiver at every subsequent proceeding is neither compelled nor discussed by *Faretta* [*v California*, 422 US 806; 95 S Ct 2525; 45 L Ed 2d 562 (1975)], *McKaskle* [*v Wiggins*, 465 US 168; 104 S Ct 944; 79 L Ed 2d 122 (1984)], or *Anderson*." Thus, the standard of review for a subsequent waiver need not be the same as the review of an initial waiver.

We hold that the failure to comply with MCR 6.005(E) is to be treated as any other trial error. The procedure for reviewing unpreserved, nonconstitutional plain error is set forth in *People v Grant*, 445 Mich 535; 520 NW2d 123 (1994).[9] Under that standard, a plain, unpreserved error may not be considered by an appellate court for the first time on appeal unless the error could have been decisive of the outcome or unless it falls under the category of cases, yet to be clearly defined, where prejudice is presumed or reversal automatic. *Grant*, p 553. It is clear that this case does not fall into the latter category, and we need only decide if the error affected defendant's substantial rights.

### HABITUAL OFFENDER TRIAL

Review of the record of the trial and conviction of the habitual offender charge convinces us that the court's failure to follow the court rule could not have

---

[9] *People v Grant, supra,* adopted the three-step analysis set forth in *United States v Olano,* 507 US 725, 732-734; 113 S Ct 1770; 123 L Ed 2d 508 (1993).

The first limitation on appellate authority under Rule 52(b) [plain, unpreserved error] is that there indeed be an "error." Deviation from a legal rule is "error" unless the rule has been waived.

&ast;     &ast;     &ast;

The second limitation on appellate authority under Rule 52(b) is that the error be "plain." "Plain" is synonymous with "clear" or, equivalently, "obvious." . . .

The third and final limitation on appellate authority . . . is that the plain error "affec[t] substantial rights." This is the same language employed in Rule 52(a), and *in most cases it means that the error must have been prejudicial: It must have affected the outcome of the . . . proceedings.* [Emphasis added; citations omitted.]

The first two elements have been met, so we only need address the third.

been decisive of the outcome. This trial took place immediately after defendant's trial on the assault charges. Not only is it implausible to think that defendant would have requested counsel, but defendant's doing so would not have affected the outcome of the trial. The charges were straightforward and the prior convictions clearly documented. No other result would have been possible, even with the assistance of counsel. We decline to review the merits of this assignment of error and affirm defendant's conviction of being an habitual offender.

### SENTENCING HEARING

At the sentencing hearing, the court again failed to advise defendant of the right to counsel. We find that this omission could have been decisive of the outcome. The sentencing hearing took place 3½ months after the initial trial and waiver, and the record reflects defendant's obvious confusion and lack of preparation. Had defendant been advised of his right to counsel, he may well have availed himself of that opportunity, and this decision could have been decisive of the outcome. See *Grant, supra.*

This now leads us into the area left unresolved by *Grant*—what is the standard of reversal when the Court considers unpreserved, nonconstitutional error? We assume for purposes of the argument that the error in deviating from the court rule could have been decisive of the outcome under *Grant.* However, no argument has been advanced that the error was prejudicial. We conclude that the error was harmless under any standard because defendant has not alleged that the error has prejudiced him in any way, and affirm the decision of the Court of Appeals

regarding the habitual offender sentence. At this time we do not address the standard for reversal of plain, unpreserved, nonconstitutional error.

We affirm defendant's convictions and sentence.

BRICKLEY, C.J., and BOYLE, RILEY, and MALLETT, JJ., concurred with WEAVER, J.

LEVIN, J. (*dissenting*). Where the issue is whether the accused waived his constitutional right to counsel, the burden is necessarily on the people, who assert that his conviction should be affirmed, to show that he duly waived his right to counsel. A defendant no more has a burden to object to the inadequacy of the judge's inquiry at a proceeding at which it is asserted that he waived his right to counsel, than he has a burden, at arraignment or at trial, to object to a failure to inform him of his right to, or to provide him with, counsel.[1]

While the constitution may not require that a defendant who has waived his right to counsel be again informed of his right to counsel before sentencing, the court rule adopted by this Court imposes such a requirement.[2] The purpose of the rule is to

---

[1] *Brewer v Williams*, 430 US 387, 404; 97 S Ct 1232; 51 L Ed 2d 424 (1977), quoted in part II.

[2] The rule in effect at the time this case was tried provided:

Advice at Subsequent Proceedings. Even though a defendant has waived the assistance of a lawyer, the record of each subsequent proceeding (e.g., preliminary examination, arraignment, proceedings leading to possible revocation of youthful trainee status, hearings, trial or *sentencing*) must affirmatively show that the court advised the defendant of the right to a lawyer's assistance (at public expense if the defendant is indigent) and that the defendant waived that right. Before the court begins such proceedings,

(1) the defendant must reaffirm that a lawyer's assistance is not wanted; or

again provide the defendant with an opportunity to request counsel even though he waived counsel at trial. The court rule recognizes that a defendant who, having represented himself at a trial that resulted in his conviction, might be more amenable to accepting counsel at the sentencing phase.

A defendant who is not learned in the law is not likely to know that the judge, who is educated in the law, has failed to comply with the court rule in that he failed to inform the defendant once again of his right to the assistance of counsel. The court rule requiring that such information be again provided is designed to educate the defendant that, although he waived his right to counsel for the trial, he may ask for the assistance of counsel at the sentencing, and that, if he does so, such assistance will be provided.

Because the obligation to provide the information is imposed on the judge, and, without knowing that such an obligation is imposed on the judge, the unrepresented defendant would have no basis for objecting to the failure to provide such information, it is amazing that the majority imposes on the defendant the burden of showing that he was prejudiced by the failure to provide such information.

The majority, although it states that *People v Grant*, 445 Mich 535; 520 NW2d 123 (1994), provides the standard for determining whether the judge's failure

---

(2) if the defendant requests a lawyer and is financially unable to retain one, the court must appoint one; or

(3) if the defendant wants to retain a lawyer and has the financial ability to do so, the court must allow the defendant a reasonable opportunity to retain one. [MCR 6.005(E) (emphasis added). The rule was amended October 23, 1995, effective January 1, 1996.]

to comply with the court rule requires reversal, avoids applying the standard, holding that Lane did not allege on appeal that the judge's error in failing to inquire whether he wished to have counsel prejudiced him in any way.

Because this is the first case announcing that a defendant who has a right to counsel has the burden of showing that he was prejudiced by the failure to provide counsel, the Court should provide an opportunity for further briefing on the question whether the defendant was prejudiced. I am confident that it has never occurred to anyone before today that the defendant must, on appeal, recite the many ways in which the absence of counsel may have prejudiced him in order to preserve the issue for appeal.

I

I agree that the absence of counsel, even if it were not duly waived, does not require a new trial in every case. On the issue whether Lane was an habitual offender, the jury would assuredly have convicted him even if Clarence Darrow were to return to defend him.

But at the sentencing phase, it is apparent that counsel may very well have been of assistance to Lane, and that the failure to comply with the court rule and to advise him of his right to counsel may have affected the sentence imposed.

The transcript of the sentencing hearing shows, I agree with the majority, that Lane was confused and ill-prepared. The judge erroneously sentenced Lane to three consecutive terms for his convictions of assault and of being an habitual offender, MCL 769.13; MSA

28.1085, later corrected by the Court of Appeals. We
should remand for resentencing.

II

The majority states that the "procedure for review-
ing unpreserved, nonconstitutional plain error is set
forth in *People v Grant*, 445 Mich 535; 520 NW2d 123
(1994)."[3]

In *Grant*, the "defendant failed to preserve the
error for appellate review." *Id.*, p 537. Defendant
Grant was represented by counsel when this failure
to preserve error for appellate review occurred. In the
instant case, Lane was not represented by counsel
when the *Anderson*[4]/court rule[5] required colloquy

---

[3] *Ante*, p 140.

[4]   First, the request must be unequivocal. . . .

Second, once the defendant has unequivocally declared his
desire to proceed pro se the trial court must determine whether
defendant is asserting his right knowingly, intelligently and volunta-
rily. *Faretta* [*v California*, 422 US 806, 835; 95 S Ct 2525; 45 L Ed
2d 562 (1975)]; [*People v Holcomb*, 395 Mich 326, 337; 235 NW2d
343 (1975)]. The trial court must make the pro se defendant aware
of the dangers and disadvantages of self-representation, so that the
record will establish that he knows what he is doing and his choice
is made with eyes open. *Id.* Defendant's competence is a pertinent
consideration in making this determination. *Westbrook v Arizona*,
384 US 150; 86 S Ct 1320; 16 L Ed 2d 429 (1966). But his compe-
tence does not refer to legal skills, "[f]or his technical legal knowl-
edge, as such, was not relevant to an assessment of his knowing
exercise of the right to defend himself." *Faretta, supra.*

The third and final requirement is that the trial judge determine
that the defendant's acting as his own counsel will not disrupt,
unduly inconvenience and burden the court and the administration
of the court's business. [*People v Anderson*, 398 Mich 361, 367-368;
247 NW2d 857 (1976).]

[5]   If the court determines that the defendant is financially unable to
retain a lawyer, it must promptly appoint a lawyer and promptly
notify the lawyer of the appointment. The court may not permit the
defendant to make an initial waiver of the right to be represented
by a lawyer without first

between the trial judge and Lane did not occur. If there was, as I would hold, error in failing to comply with *Anderson* and the court rule, it was neither Lane nor the prosecutor who introduced the error, but rather the judge who failed to comply with his obligations under *Anderson* and the court rule.

Imposing on a defendant who is not represented by counsel the burden of preserving for appellate review the judge's failure to comply with *Anderson* and the court rule concerning the inquiry that must precede a waiver of the right to counsel, and, upon the failure of the judge to do so, to declare that on appellate review the defendant has the burden, because he failed to preserve the issue, of showing that what occurred could have been decisive of the outcome is to ensure that in almost every case the judge's failure to do his duty will be protected from scrutiny at the appellate level.

In *Grant*, *supra*, p 553, the Court said that the "defendant failed to establish the form of prejudice necessary to preserve an issue that was not raised before the trial court." Where the question is whether the defendant waived his right to counsel at a hearing whereat he was not represented by counsel, any failure or lapse in the record is often of constitutional dimensions, and, to the extent it only concerns compliance with the court rule, still requires the record to

---

(1) advising the defendant of the charge, the maximum possible prison sentence for the offense, any mandatory minimum sentence required by law, and the risk involved in self-representation, and

(2) offering the defendant the opportunity to consult with a retained lawyer or, if the defendant is indigent, the opportunity to consult with an appointed lawyer. [MCR 6.005(D).]

show that the defendant voluntarily and knowingly
waived his right to counsel.

In *Brewer v Williams*, 430 US 387, 404; 97 S Ct
1232; 51 L Ed 2d 424 (1977), the United States
Supreme Court said:

> The District Court and the Court of Appeals were also
> correct in their understanding of the proper standard to be
> applied in determining the question of waiver as a matter of
> federal constitutional law—that it was incumbent upon the
> State to prove "an intentional relinquishment or abandon-
> ment of a known right or privilege." *Johnson v Zerbst*, 304
> US [458] 464 [58 S Ct 1019; 82 L Ed 1461; 146 ALR 357
> (1938)]. That standard has been reiterated in many cases.
> We have said that the right to counsel does not depend
> upon a request by the defendant, *Carnley v Cochran*, 369
> US 506, 513 [82 S Ct 884; 8 L Ed 2d 70 (1962)]; cf. *Miranda
> v Arizona* [384 US 436, 471; 86 S Ct 1602; 16 L Ed 2d 694
> (1966)], and that courts indulge in every reasonable pre-
> sumption against waiver, e.g., *Brookhart v Janis* [384 US 1,
> 4; 86 S Ct 1245; 16 L Ed 2d 314 (1966)]; *Glasser v United
> States*, 315 US 60, 70 [62 S Ct 457; 86 L Ed 680 (1942)]. This
> strict standard applies equally to an alleged waiver of the
> right to counsel whether at trial or at a critical stage of pre-
> trial proceedings. *Schneckloth v Bustamonte*, 412 US 218,
> 238-240 [93 S Ct 2041; 36 L Ed 2d 854 (1973)]; *United States
> v Wade* [388 US 218, 237; 87 S Ct 1926; 18 L Ed 2d 1149
> (1967)].

The obligation to create a record showing waiver of
the right to counsel is imposed on the judge, not on
the defendant. It is extraordinary that the majority
would impose the burden of objecting to the inade-
quacy of the record on the unrepresented defendant
either by requiring contemporaneous objection or by
holding that the burden is on the defendant on appel-
late review to show that he was prejudiced.

I would remand for resentencing, at which time defendant shall be represented by counsel if he so desires.

CAVANAGH, J., concurred with LEVIN, J.