# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

CHRISTOPHER BERNARD ROBINSON,

       Defendant-Appellant.

UNPUBLISHED
January 28, 2016

No. 323878
Washtenaw Circuit Court
LC No. 13-000824-FH

Before: SHAPIRO, P.J., and O'CONNELL and BORRELLO, JJ.

PER CURIAM.

Defendant was convicted, following a bench trial, of resisting and obstructing a police officer, MCL 750.81. The trial court sentenced defendant to serve 24 to 48 months' imprisonment, consecutive to a sentence from which defendant was on parole at the time, with no sentencing credit. Defendant now appeals by right, arguing that the trial court did not properly advise him concerning his right of self-representation. For the reasons set forth in this opinion we vacate defendant's conviction and sentence and remand this matter to the trial court for further proceedings.

Defendant was arrested for a parole violation when he reported to his parole officer. He refused to follow instructions and otherwise resisted, which prompted office personnel to call the police. After the police arrived, defendant continued to offer resistance, the result of which was the additional charge of resisting and obstructing to his parole violation.

At the preliminary examination, defendant's appointed counsel indicated that defendant wished to represent himself. In response, the district court had the following exchange with defendant:

*The court*: Mr. Robinson, [counsel] tells me that you wish to dismiss her as your attorney.

    *Defendant*: Yes, sir.

    *The court*: And that you wish to represent yourself.

    *Defendant*: Yes, sir.

-1-

*The court*:  You understand that you have the right to be represented by an attorney at all proceedings?

*Defendant*:  Yes, sir.

*The court*:  And do you wish not to be represented by an attorney at all and you just want to represent yourself?

*Defendant*:  Today, sir, yes.

*The court*:  Excuse me?

*Defendant*:  Today, sir, yes.

*The court*:  Well, what does that mean?

*Defendant*:  Well, you know, I mean I would like, you know, sure to be represented by Counsel, but—

*The court*:  And you—you are represented—

*Defendant*:  Right.  But—

*The court*:  —by Counsel.  You're represented by the Washtenaw County Public Defender's Officer right now.

*Defendant*:  Right.

*The court*:  So if you wish to be represented by Counsel that wish has been granted.

*Defendant*:  Well, no.  I wish not.

*The court*:  It's—and can you explain to me why that is?

*Defendant*:  Sir, . . . I actually . . . tried to explained [sic] to her and show her a few things.  See, I said look that I was not never [sic] arrested for this crime.

*The court*:  Okay.  It—so you—you're having a disagreement with her about how your case should proceed—

*Defendant*:  Exactly.

*The court*:  And you think you can do better?

*Defendant*:  No, I don't think I can do better, but I think . . . the facts are very clear pertaining to my case, your Honor.

*The court*: Okay.

*Defendant*: And my situation.

*The court*: Well, your . . . choice today is to proceed with the Washtenaw County Public Defender's Office or represent yourself. Which would you prefer?

*Defendant*: I would like to represent myself, your Honor.

*The court*: You understand you have a right to a lawyer and do you wish to have your exam today?

*Defendant*: Excuse me?

*The court*: Do you wish to hold your preliminary examination today?

*Defendant*: Yes, sir.

The district court allowed defendant to represent himself.

After some confusion arose when defendant wanted to cross-examine a witness who was not present at the examination, the court reminded defendant that he chose to represent himself, and admonished, "You are being held to the same standard a lawyer would be held to." After the court decided to bind over defendant for further proceedings, the court asked defendant if he wanted to be represented by counsel at his arraignment. Defendant responded affirmatively, and counsel was appointed to represent him.

At a pretrial hearing, defendant again asked to represent himself, contending that he and his attorney were "not on the same page." The trial court took the request under advisement without further comment. At the next pretrial hearing, defense counsel identified herself as stand-by counsel, but the trial court indicated that it had not yet ruled on defendant's request, and that counsel was still defendant's attorney. After defendant raised some arguments on his own behalf, the trial court stated as follows:

> Mr. Robinson, I'm going to urge you to use your attorney. These motions are denied and it's obvious to me from reading them that you don't have a clue . . . what you're doing here legally. I again urge you . . . to use your attorney.

> * * *

> . . . Just use your lawyer, sir. You're gonna regret not doin' so if you keep making those kind of motions.

At the next pretrial hearing, defendant's appointed counsel once again told the court that defendant did not want her to be involved in the case, and defendant personally added an argument of his own. The trial court neither provided warnings about self-representation nor

-3-

reminded defendant that he was entitled to counsel. When appointed counsel asked what her role at trial was to be, the trial court responded as follows:

> *The court*: Mr. Robinson, previously . . . indicated that he wished to represent himself . . . at trial. I took that under advisement to . . . the final pretrial which is . . . today. What do you want to do sir?

> *Defendant*: I'd rather represent myself, your Honor.

> *The court*: All right. I will allow that. . . .

> * * *

> *The court*: I will . . . allow Mr. Robinson to represent himself but I will require the Public Defender . . . be with Mr. Robinson at trial . . . and act as stand-by Counsel and . . .advise him on any legal questions he has to ask you.

There was no further discussion about defendant's request for self-representation.

During the bench trial, defendant represented himself with stand-by counsel. The trial court took pains to ensure that defendant knew he had an absolute right to a jury trial before proceeding with trial, as well as an absolute right not to testify, but there was no similar discussion regarding defendant's right to an attorney. Defendant was convicted and sentenced as stated above. This appeal then ensued.

The issue on appeal is whether there was a valid waiver of defendant's right to counsel. Defendant argues that such a waiver must be knowing, voluntary, and intelligently tendered. Further he argues that a defendant must also be warned of the hazards of self-representation, and that the trial court failed to address these imperatives. As such we examine this issue to determine whether the trial court substantially complied with the requirements attendant to allowing a criminal defendant to resort to self-representation, as set forth in *People v Anderson*, 398 Mich 361; 247 NW2d 857 (1976) and MCR 6.005. In denying a post-trial motion for a new trial, the trial court concluded that there was substantial compliance in this case.

The Sixth Amendment of the United States Constitution recognizes the fundamental right of criminal defendants to defend charges with the assistance of counsel. See also Const 1963, art 1, § 20. This requirement applies to the states under the Fourth Amendment's Due Process Clause. *Gideon v Wainwright*, 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963). The United States Supreme Court has also held that a defendant has a constitutional right to self-representation. *Faretta v California*, 422 US 806, 807; 95 S Ct 2525; 45 L Ed 2d 562 (1975). However, "while the right of self-representation is a fundamental constitutional right, other interests, such as the failure to effectively waive the right to counsel or a governmental interest in ensuring the integrity and efficiency of the trial may . . . outweigh the defendant's constitutional right to act as his own counsel." *Russell*, 471 Mich at 189. In short, although there is a fundamental right to self-representation, absent a valid waiver "representation by counsel . . . is the standard, not the exception." *Martinez v Court of Appeal*, 528 US 152, 161; 120 S Ct 684; 145 L Ed 2d 597 (2000).

Our Supreme Court has made clear that a waiver of the right to counsel must meet certain requirements. The court must determine if (1) the defendant's request is unequivocal, (2) the

defendant is asserting the right knowingly, intelligently, and voluntarily, after a colloquy advising the defendant of the dangers and disadvantages of self-representation, and (3) the defendant's self-representation will not disrupt, unduly inconvenience, and burden the court. *Anderson*, 398 Mich at 367-368. The court must additionally advise the defendant of the charge, the maximum sentence, any mandatory prison sentence, and the risks inherent in self-representation, and must further offer the defendant an opportunity to consult with retained or appointed counsel. MCR 6.005(D). Where a defendant has waived the assistance of a lawyer in the initial proceedings, the court must ensure that the record shows that the defendant has done so, and also that the court advised the defendant of the continuing right to a lawyer's assistance, including at public expense in the case of indigency. MCR 6.005(E). The latter rule further states that before each proceeding,

> (1) the defendant must reaffirm that a lawyer's assistance is not wanted; or

> (2) if the defendant requests a lawyer and is financially unable to retain one, the court must appoint one; or

> (3) if the defendant wants to retain a lawyer and has the financial ability to do so, the court must allow the defendant a reasonable opportunity to retain one. [MCR 6.005(E).]

However, the repetition of those advisements is not a matter of constitutional consequence. See *People v Lane*, 453 Mich 132, 139-140; 551 NW2d 382 (1996).

"[I]t is a long-held principle that courts are to make every reasonable presumption against the waiver of a fundamental constitutional right, including the waiver of the right to the assistance of counsel." *Russell*, 471 Mich at 188. The presence of stand-by counsel does not itself legitimize an otherwise invalid waiver of counsel. *People v Willing*, 267 Mich App 208, 227-228; 704 NW2d 472 (2005). However, "[w]here there is error but it is not one of complete omission of the court rule and *Anderson* requirements, reversal is not necessarily required." *People v Dennany*, 445 Mich 412, 439; 519 NW2d 128 (1994) (GRIFFIN, J., joined by BRICKLEY & MALLETT, JJ.); see *id.* at 460-461 (BOYLE, J., concurring in part and dissenting in part, opining that the lead opinion's call for substantial compliance is too strict a requirement for recognizing a valid waiver of the right to counsel). See also *Russell*, 471 Mich at 191-192.

In addition to the previously stated requirements set forth in *Anderson*, a trial court must satisfy the requirements of MCR 6.005(D). We are mindful that the three *Anderson/Russell* factors and court rules do not require "a litany approach." *Adkins (After Remand)*, 452 Mich 702, 725; 551 NW2d 108 (1996), overruled in part on other grounds, *Williams*, 470 Mich at 641 n 7. Rather, "[a] particular court's method of inquiring into and satisfying these concepts is decidedly up to it, as long as the concepts in these requirements are covered." *Id.* Further, only "'substantial compliance and not literal adherence to the guidelines'" is sufficient. *Id.* at 726, quoting *United States v Miller*, 910 F2d 1321, 1324 (CA 6, 1990). Substantial compliance requires that the court discuss the substance of both *Anderson* and MCR 6.005(D) in a short colloquy with the defendant, and make an express finding that the defendant fully understands, recognizes, and agrees to abide by the waiver of counsel procedures. The nonformalistic nature of a substantial compliance rule affords the protection of a strict compliance rule with far less of

the problems associated with requiring courts to engage in a word-for-word litany approach. [*Id.* at 726-727.]

It is not disputed that the requirement set forth in *Anderson*, 398 Mich at 367-368 were not strictly complied with in this instance. "Substantial compliance requires that the court discuss the substance of both *Anderson* and MCR 6.005(D) in a short colloquy with the defendant, and make an express finding that the defendant fully understands, recognizes, and agrees to abide by the waiver of counsel procedures." *Id.* at 191 (internal quotation marks and citation omitted). It is not enough to tell a defendant that self-representation is perilous; the court must explain the risks that accompany self-representation. *People v Blunt*, 189 Mich App 643, 650; 473 NW2d 792 (1991).

We conclude that in the instant case the trial court did not substantially comply with the requirements of *Anderson* or MCR 6.005(D). Our review of the record leads us to conclude that the trial court did not engage defendant in a colloquy at any of the proceedings regarding the risks of self-representation other than general statements that defendant would regret not using an attorney, and in one instance that his attempt at motion practice indicated that he did not know what he was doing. There were no statements regarding the nature of the charge, including the attendant maximum sentence. As a consequence, the record does not show that defendant's waiver was knowing, intelligent, and voluntary, in that defendant was not apprised of the risks of self-representation. Further, the trial court provided no express finding that defendant fully understood, and agreed to operate despite the serious ramifications of self-representation.

We vacate defendant's conviction and sentence and remand this matter to the trial court for further proceedings. We do not retain jurisdiction.


/s/ Douglas B. Shapiro
/s/ Peter D. O'Connell
/s/ Stephen L. Borrello