# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ELLIOT RIVERS, also known as, MELVIN
JONES,

        Defendant-Appellant.

UNPUBLISHED
January 26, 2017

No. 328331
Wayne Circuit Court
LC No. 14-008795-01-FH

---

Before: SAAD, P.J., and METER and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right from his conviction following a jury trial of first-degree home invasion, MCL 750.110a(2). The court sentenced defendant as a third-offense habitual offender, MCL 769.11, to 36 months' to 20 years' imprisonment. We affirm.

Defendant's neighbor, Jerome Brown, requested that defendant retrieve his pit bull from Brown's yard. Defendant approached defendant's front door, pushed in a glass or plastic portion of the door, and entered Brown's home. When Brown asked defendant to leave, defendant punched Brown. Brown retrieved a knife from his kitchen and stabbed defendant, who briefly backed out of the home onto the front porch, but then defendant again entered Brown's home. Brown testified that he tried to stab defendant again, but defendant deflected the knife, which hit defendant above his eyebrow. After defendant left the home a second time, Brown went to a neighbor's home to call the police. He described defendant to the responding officers, and they returned with defendant in a police car after canvassing the neighborhood. Brown confirmed that defendant was the man who entered his home and punched him.

Defendant first contends that the trial court failed to comply with the requirements of case law and the court rules when it secured his waiver of the right to counsel. This Court reviews de novo whether a defendant waived his Sixth Amendment right to counsel, but reviews for clear error any factual findings underlying the trial court's decision. *People v Williams*, 470 Mich 634, 640-641; 683 NW2d 597 (2004). We give due respect to the trial court's assessment of credibility. *Id*. "Clear error exists if the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Johnson*, 466 Mich 491, 497-498; 647 NW2d 480 (2002). Defendant also contends that the court failed to reaffirm his decision to waive the right to counsel at all subsequent proceedings. However, defendant did not preserve

-1-

this issue below, so our review is for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999); *People v Lane*, 453 Mich 132, 140*;* 551 NW2d 382 (1996).

A person accused of a crime and facing the possibility of incarceration has a constitutional right to have the assistance of a lawyer at every critical stage of the criminal process. *Williams*, 470 Mich at 641. "The United States Constitution does not, however, force a lawyer upon a defendant; a criminal defendant may choose to waive representation and represent himself." *Id*.

When confronted with a defendant who wishes to represent himself or herself, a trial court must determine that the three requirements stated in *People v Anderson*, 398 Mich 361; 247 NW2d 857 (1976), have been met: the court must ensure that the defendant's request is unequivocal; that he or she "is asserting the right knowingly, intelligently, and voluntarily after being informed of the dangers and disadvantages of self-representation;" and that the defendant's self-representation "will not disrupt, unduly inconvenience, and burden the court and the administration of the court's business." *People v Willing*, 267 Mich App 208, 219; 704 NW2d 472 (2005). Similarly, a trial court "may not permit the defendant to make an initial waiver of the right to . . . a lawyer" unless the trial court first advises him or her "of the charge, the maximum possible prison sentence . . . , any mandatory minimum sentence . . . , and the risk involved in self-representation," and offers "the defendant the opportunity to consult with a retained lawyer or, if the defendant is indigent, the opportunity to consult with an appointed lawyer." MCR 6.005(D).

Trial courts must substantially comply with the requirements stated in *Anderson* and MCR 6.005(D). *People v Adkins (After Remand)*, 452 Mich 702, 726; 551 NW2d 108 (1996), overruled in part on other grounds by *Williams*, 470 Mich at 641 n 7. "Substantial compliance requires that the court discuss the substance of both *Anderson* and MCR 6.005(D) in a short colloquy with the defendant, and make an express finding that the defendant fully understands, recognizes, and agrees to abide by the waiver of counsel procedures." *Adkins*, 452 Mich at 726-727. "The nonformalistic nature of a substantial compliance rule affords the protection of a strict compliance rule with far less of the problems associated with requiring courts to engage in a word-for-word litany approach." *Id*. at 727. The Michigan Supreme Court has stated that the substantial compliance standard "protects the vital constitutional rights involved while avoiding the unjustified manipulation which can otherwise throw a real but unnecessary burden on the criminal justice system." *Id*. (citation and quotation marks omitted).

Appointed counsel Richard Glanda initially represented defendant, but the trial court allowed Glanda to withdraw after defendant filed a grievance against him. The court then appointed attorney Charles Longstreet to represent defendant, and after defendant expressed a desire to represent himself, the court advised defendant to consult with Longstreet about this decision and indicated it would address the matter later. Longstreet represented defendant at a subsequent pretrial hearing without complaint, and, at another pretrial hearing, defendant affirmed that he wanted Longstreet to represent him.

At a final conference before trial, defendant refused to state whether he was accepting or rejecting the prosecution's plea offer and twice stated that he wanted to represent himself. The

court relieved Longstreet of his defense duties, but Longstreet nevertheless continued to advocate for defendant. Longstreet convinced defendant to answer the court's question; defendant then asserted that he was rejecting the prosecution's plea offer. Defendant again asserted that he wanted to represent himself, and the court stated that Longstreet was free to go. However, Longstreet asserted that he could function as defendant's standby counsel, and the court agreed. Thereafter, the court allowed defendant to represent himself and argue motions asserting that the court lacked jurisdiction and that the court had violated his right to a speedy trial. The prosecutor then noted that the court needed to further address the waiver of counsel.

The court inquired if defendant understood that he had the right to have a lawyer appointed, and defendant asserted that he understood. Defendant agreed that he had indicated previously in writing and on the record that he wanted to represent himself. The court explained that it would be unable to assist him and that he would be held to the same standard as a lawyer if he represented himself; defendant asserted that he understood. The court informed defendant that he would have to abide by the rules of evidence and by the court rules; defendant again affirmed that he understood. The court inquired whether defendant believed he could adequately represent himself without a lawyer, and defendant raised concerns about his lack of access to legal resources while in jail. The court suggested that defendant could consult with standby counsel Longstreet about legal resources, and defendant stated that he was open to that arrangement. The court inquired whether defendant understood that he would be opposed by a "seasoned prosecutor," and he stated that he understood. The court informed defendant that the situation was "very serious" and there were "very serious charges" levied against him, indicated that he was a third-offense habitual offender, and warned that the "sentencing guidelines are very high." Defendant affirmed that he understood and still desired to represent himself.

Defendant has presented us with no basis for reversal in connection with his waiver of counsel. Defendant unequivocally asserted, several times, that he wanted to represent himself. Defendant knowingly, intelligently, and voluntarily waived his right to counsel after being informed of the dangers of self-representation. The court warned defendant that he would have to follow the rules of evidence and the court rules, that the court could not assist him, and that he would face a "seasoned prosecutor." Defendant affirmed that he had indicated in writing and on the record that he desired self-representation. The court also verified that defendant was not under the influence of any substances that could affect his ability to make decisions. In short, the court apprised defendant of the perils of self-representation such that defendant waived his right to counsel knowingly, intelligently, and voluntarily. The court stated that it had no "doubt in [defendant's] competence . . . ." With regard to the third prong of *Anderson*, there was no evidence (and defendant points to none) to indicate that defendant would burden the court.

The sole argument concerning MCR 6.005(D) that defendant makes on appeal is that "[t]he trial court did not advise [d]efendant of the maximum possible prison sentence . . . ." Under the specific circumstances of this case, we find no basis for reversal. In *Adkins*, 452 Mich at 731, the Court found adequate compliance with MCR 6.005 when the trial court stated that a " 'very serious case' " was at issue and where the possible punishment had been expressed to the defendant at the arraignment. Here, the trial court twice noted the "very serious" nature of the case. The court also stated that "very serious consequences" could result, that defendant's habitual offender status "enhances the penalty," and that the "sentencing guidelines are very high." Defendant indicated that he understood and still wanted to represent himself. In a motion

-3-

signed by defendant himself before the final conference, defendant acknowledged that he had been arraigned on September 26, 2014; the register of actions indicates that the arraignment on the warrant took place on that date. In addition, the register of actions indicates that defendant was arraigned on the information on October 15, 2014. The warrant and information specified the maximum penalty for the charge and also set forth the habitual offender enhancement. Under these circumstances, we simply cannot find that defendant is entitled to appellate relief.

Defendant contends that the trial court failed to reaffirm defendant's waiver of the right to counsel at each subsequent proceeding pursuant to MCR 6.005(E), which states:

> **(E) Advice at Subsequent Proceedings.** If a defendant has waived the assistance of a lawyer, the record of each subsequent proceeding (e.g., preliminary examination, arraignment, proceedings leading to possible revocation of youthful trainee status, hearings, trial, or sentencing) need show only that the court advised the defendant of the continuing right to a lawyer's assistance (at public expense if the defendant is indigent) and that the defendant waived that right. Before the court begins such proceedings,
>
> > (1) the defendant must reaffirm that a lawyer's assistance is not wanted; or
> >
> > (2) if the defendant requests a lawyer and is financially unable to retain one, the court must appoint one; or
> >
> > (3) if the defendant wants to retain a lawyer and has the financial ability to do so, the court must allow the defendant a reasonable opportunity to retain one.
>
> The court may refuse to adjourn a proceeding to appoint counsel or allow a defendant to retain counsel if an adjournment would significantly prejudice the prosecution, and the defendant has not been reasonably diligent in seeking counsel.

Unlike the rules relating to an initial waiver of counsel, the procedure outlined in MCR 6.005(E) does not stem from any constitutional requirement. *Lane*, 453 Mich at 139.

Although the trial court had defendant affirm that he wanted to represent himself at a pretrial hearing, at trial, and at sentencing, the court did not fully comply with MCR 6.005(E) because the court did not prompt this affirmation at certain other hearings and did not remind defendant of the continuing right to a lawyer's assistance. However, defendant has not demonstrated that the trial court's failures constitute plain error affecting his substantial rights because defendant does not explain how the proceedings would have been different had defendant been represented by counsel. See, generally, *Lane*, 453 Mich at 140, and *Carines*, 460 Mich at 763.

Defendant also contends that the trial court violated MCR 6.005(E)(2) because it failed to appoint an attorney for him at trial after he allegedly requested an attorney. Defendant initially affirmed that he wanted to represent himself at trial. After jury selection concluded, defendant told the trial court, "I don't know if I want to participate in this." The trial court told defendant

to "think about it and . . . let us know when you get back from lunch," adding, "I don't know how you're going to represent yourself and not participate." The trial court later explained that it was in defendant's best interest to participate because no one would question witnesses for him if he decided not to participate. Defendant explained that he had "second thoughts" about representing himself, and the court responded, "I tried to tell you that you shouldn't represent yourself but you were determined to represent yourself so finally I'm just letting you do what you wanted." After asserting that the "process [wasn't] fair," defendant stated, "so I think I might be going back to allowing counsel to represent me." The trial court responded, "[n]o, that's not how this works," asserting that defendant had repeatedly requested that he be allowed to represent himself. The court recalled that defendant had previously accused the court and Longstreet of "conspiring" and forcing him to accept appointed counsel. The trial court reiterated that the one thing defendant had been "steadfast in from the beginning" was his desire to represent himself. The court noted that he had appointed two different lawyers for defendant and that defendant had fired appointed counsel Longstreet "about three times . . . ." The court stated that it had "gone above and beyond and you know it." Thereafter, defendant continued to represent himself at trial.

Defendant contends that the trial court's actions violated MCR 6.005(E)(2), which states that "if the defendant requests a lawyer and is financially unable to retain one, the court must appoint one." However, defendant never affirmatively requested a lawyer. Defendant offered equivocal declarations that he was having "second thoughts" about self-representation and stated that "I *think* I *might* be going back to allowing counsel to represent me." (Emphasis added.) Defendant offered equivocations and never made an unambiguous request to be represented by an attorney. We will not allow defendant to use gamesmanship in attempting to obtain appellate relief with regard to a waiver of counsel. See, generally, *People v Russell*, 471 Mich at 182, 192; 684 NW2d 745 (2004). Significantly, the trial court specifically advised defendant immediately before trial that he had access to two standby lawyers and that the court would allow recesses if defendant needed to consult with them; the court then stated, "But you are representing yourself today because that's what you wanted, right?" and defendant answered, "Yes." Finally, although it is not crucial to our analysis, we note that "[t]he court may refuse to adjourn a proceeding to appoint counsel if . . . an adjournment would significantly prejudice the prosecution, and the defendant has not been reasonably diligent in seeking counsel." MCR 6.005(E). Defendant's equivocal statements about counsel occurred *after* a significant part of trial (jury selection) had already occurred, and defendant was not anywhere near "diligent" in seeking counsel and in fact was quite the opposite: steadfast in his desire to represent himself. Under the specific circumstances of this case, we find no basis for reversal.

Defendant next argues that the trial court denied defendant his right to confront a witness against him when the court, sua sponte, entered the report of Detroit Police Evidence Technician David Andrews into evidence because he was not present to testify. This Court reviews unpreserved claims of nonstructural, constitutional error for plain error. *Carines*, 460 Mich at 763; see also *People v Shepherd*, 472 Mich 343, 347; 697 NW2d 144 (2005).

> To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court

-5-

proceedings. It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice. Finally, once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence. [*Carines*, 460 Mich at 763-764 (citations and quotation marks omitted.]

The foundation of defendant's appellate argument is faulty because he asserts that Andrews was a "prosecutor witness . . . ." The transcript instead reveals that Andrews was on *defendant's* witness list. Defendant states that "[t]he error prejudiced [d]efendant because he was not allowed to gain admissions for [sic] Officer Andrews that the evidence gathering in the present case was woefully inadequate." This argument simply does not indicate how the report itself, even assuming its admission was plain error, was prejudicial. Defendant appears to be making a roundabout argument that Andrews should have been compelled to appear, but his appellate argument is inadequate in this respect; for example, he cites no law relating to compulsory process. See, e.g., *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) (discussing inadequate briefing). In addition, defendant used the report itself to cross-examine the officer in charge and has not indicated how actual testimony from Andrews would have further serviced him. We find no basis for reversal.

Affirmed.

/s/ Henry William Saad
/s/ Patrick M. Meter
/s/ Christopher M. Murray