*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RICKY ARISTER WILLIAMS,

        Defendant-Appellant.

UNPUBLISHED
February 18, 2025
2:08 PM

No. 367464
Berrien Circuit Court
LC No. 2022-003482-FH

Before: GADOLA, C.J., and CAMERON and ACKERMAN, JJ.

PER CURIAM.

Defendant appeals his plea-based convictions of carrying a concealed weapon (CCW), MCL 750.227(2), and carrying a firearm by a person convicted of a felony (felon-in-possession), MCL 750.224f(2). He was sentenced to 24 to 60 months' imprisonment for each offense. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

This case arises out of an incident in which defendant repeatedly called the victim and threatened to kill her and her children. Following his arrest, defendant was charged as a fourth-offense habitual offender, MCL 769.12, with CCW, felon-in-possession, carrying ammunition by a person convicted of a felony, MCL 750.224f(3), and two counts of carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Under a separate docket number, defendant was also charged with resisting and obstructing a police officer, MCL 750.81d, stalking, MCL 750.411h, and malicious use of a telecommunications service, MCL 750.540e, arising from the same incident.

At his arraignment, defendant pleaded not guilty, and attorney Paul Toman was appointed as defense counsel. At the pre-examination conference, defendant requested to represent himself. After a colloquy, the trial court granted defendant's request and appointed Toman as standby counsel. Defendant subsequently pleaded guilty to CCW and felon-in-possession in exchange for the dismissal of the remaining charges and the habitual offender notice. The trial court sentenced

defendant to 24 to 60 months' imprisonment for each offense. Defendant now appeals as on leave granted.[1]

## II. DISCUSSION

### A. INITIAL WAIVER OF COUNSEL

Defendant first contends that his initial waiver of the right to counsel was invalid because it was equivocal and not made knowingly or intelligently, and because the trial court failed to comply with the applicable rules and caselaw. We review de novo whether a defendant has validly waived the right to counsel and "review for clear error the trial court's factual findings regarding a defendant's knowing and intelligent waiver." *People v Williams*, 470 Mich 634, 640; 683 NW2d 597 (2004) (quotation marks and citation omitted). A finding of fact is clearly erroneous "if this Court is left with a definite and firm conviction that the trial court made a mistake." *People v Jarrell*, 344 Mich App 464, 474; 1 NW3d 359 (2022) (quotation marks and citation omitted). Whether a particular departure from the court rules governing an initial waiver of the right to counsel warrants reversal depends on the nature of the noncompliance. *People v Lane*, 453 Mich 132, 139; 551 NW2d 382 (1996).

The Sixth Amendment of the United States Constitution, applicable to the states through the Fourteenth Amendment, guarantees criminal defendants facing incarceration the right to counsel at all critical stages of the proceedings, and the right to self-representation. *People v King*, 512 Mich 1, 11; 999 NW2d 670 (2023). The right to counsel and the right to self-representation are also protected by the Michigan Constitution. *Id.*, citing Const 1963, art 1, §§ 13 and 20. "Choosing self-representation necessarily requires waiving the right to be represented by counsel." *King*, 512 Mich at 11. A defendant must give a knowing, voluntary, and intelligent waiver of the right to counsel to effectively waive that right and exercise self-representation. *People v Anderson*, 398 Mich 361, 368; 247 NW2d 857 (1976). "Absent a defendant's valid waiver of their right to counsel, deprivation of counsel during critical stages of the criminal proceedings is a structural error subject to automatic reversal, even when a defendant formally requests" to exercise the right to self-representation. *King*, 512 Mich at 4.

Before granting a defendant's request to proceed *in propria persona*, the trial court must substantially comply with the factors outlined in *Anderson* and the requirements set forth in MCR 6.005(D). *King*, 512 Mich at 11. Under *Anderson*, the trial court must find that: (1) the defendant's request for self-representation is unequivocal; (2) the defendant is asserting the right knowingly, intelligently, and voluntarily after being informed of the dangers and disadvantages of self-representation; and (3) allowing self-representation will not disrupt, unduly inconvenience, and burden the trial court. *King*, 512 Mich at 11-12, citing *Anderson*, 398 Mich at 367-368. Additionally, MCR 6.005(D) provides that the trial court

---

[1] This Court initially denied defendant's application for leave to appeal. *People v Williams*, unpublished order of the Court of Appeals, entered October 5, 2023 (Docket No. 367464). The Supreme Court subsequently remanded the case for consideration as on leave granted. *People v Williams*, 6 NW3d 368 (Mich, 2024).

may not permit the defendant to make an initial waiver of the right to be represented by a lawyer without first

> (1) advising the defendant of the charge, the maximum possible prison sentence for the offense, any mandatory minimum sentence required by law, and the risk involved in self-representation, and

> (2) offering the defendant the opportunity to consult with a retained lawyer or, if the defendant is indigent, the opportunity to consult with an appointed lawyer.

The requirements set forth in *Anderson* and MCR 6.005(D) "are merely vehicles to ensure that the defendant knowingly and intelligently waived counsel with open eyes." *People v Adkins (After Remand)*, 452 Mich 702, 725; 551 NW2d 108 (1996), overruled in part on other grounds *Williams*, 470 Mich at 641 n 7. Accordingly, a trial court is not required to take a "litany approach" to comply with the requirements of *Anderson* and MCR 6.005(D); a trial court must only substantially comply with the substantive requirements set forth therein. *Adkins*, 452 Mich at 725-726. "Substantial compliance requires that the court discuss the substance of both *Anderson* and MCR 6.005(D) in a short colloquy with the defendant, and make an express finding that the defendant fully understands, recognizes, and agrees to abide by the waiver of counsel procedures." *Id*. at 726-727.

On appeal, defendant asserts that his initial waiver was equivocal and not knowingly or intelligently given. The record does not support these claims. After defendant requested to waive his right to counsel and represent himself, the trial court reiterated to defendant that Toman was appointed to represent him upon his request for a court-appointed attorney, and defendant indicated that he wanted to represent himself because he and Toman were "not seeing eye[-]to[-]eye." Defendant stated that he had secured another attorney to assist him in his self-representation, and the trial court informed defendant that he could retain that attorney to represent him, but he could not both represent himself and have the assistance of counsel. Defendant then stated, "I'll represent myself." The trial court later clarified that defendant was not seeking alternative counsel, but was, in fact, waiving his right to be represented by counsel, and defendant confirmed that he wanted to represent himself. This colloquy was sufficient to establish that defendant's waiver of counsel was unequivocal.

The record also demonstrates that defendant's waiver was made knowingly and intelligently. Defendant contends that his waiver was not knowingly and intelligently given because he lacked substantive legal knowledge. It is true that defendant was unable to answer substantive legal questions posed to him by the trial court, such as the definition of the rule against hearsay; however, defendant's lack of substantive legal knowledge does not demonstrate that his waiver was not knowing or intelligent because a defendant's "technical legal knowledge . . . [is] not relevant to an assessment of his knowing exercise of the right to defend himself." *Faretta v California*, 422 US 806, 836; 95 S Ct 2525; 45 L Ed 2d 562 (1975). Rather, a trial court ensures a waiver of counsel is knowingly and intelligently given by "mak[ing] the pro se defendant aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *People v Dennany*, 445 Mich 412, 432; 519 NW2d 128 (1994). Here, the trial court complied with the second *Anderson* factor by advising defendant that he would be required to abide by the same rules as a licensed attorney,

and his lack of substantive legal knowledge put him at a disadvantage if he represented himself. Defendant responded that he understood the dangers of self-representation and nonetheless wished to waive his right to counsel.

Finally, the trial court substantially complied with the requirements of MCR 6.005(D). Although the trial court did not advise defendant at the time of his initial waiver "of the charge, the maximum possible prison sentence for the offense, [or] mandatory minimum sentence required by law," MCR 6.005(D)(1), defendant was apprised of that information at his arraignment just nine days earlier. Accordingly, "[t]he fact that the judge did not specifically address the charged offense and the range of possible punishment [at the initial waiver] is not enough to defeat a finding of substantial compliance with the waiver procedures . . . ." *Adkins*, 452 Mich at 731. The trial court also indirectly addressed MCR 6.005(D)(2), which requires a trial court to offer a defendant the opportunity to consult with counsel, by informing defendant of his right to retain his own counsel and explaining that Toman would serve as standby counsel throughout the proceedings so defendant could consult Toman while representing himself. See *id*. Because the trial court substantially complied with the requirements set forth in *Anderson* and MCR 6.005(D), defendant has failed to establish that his initial waiver of the right to counsel was invalid.

## B. WAIVER AT SUBSEQUENT PROCEEDINGS

Defendant next contends that the trial court failed to comply with MCR 6.005(E) at the plea hearing following his initial waiver. Unlike an initial waiver of counsel, noncompliance with MCR 6.005(E) does not implicate a constitutional right and is "treated as any other trial error." *Lane*, 453 Mich at 139-140. Because defendant did not raise this nonconstitutional issue at the trial court, we review it for plain error affecting substantial rights. See *People v Cain*, 498 Mich 108, 114-116; 869 NW2d 829 (2015). To avoid forfeiture under that rule, a defendant must establish that "(1) an error occurred, (2) the error was plain—i.e., clear or obvious, and (3) the error affected substantial rights—i.e., the outcome of the lower court proceedings was affected." *Id*. at 116 (quotation marks and citation omitted).

Under MCR 6.005(E), when a defendant has waived the right to counsel, the record of each subsequent proceeding must demonstrate "that the court advised the defendant of the continuing right to a lawyer's assistance . . . and that the defendant waived that right." Before each subsequent proceeding,

> (1) the defendant must reaffirm that a lawyer's assistance is not wanted; or
>
> (2) if the defendant requests a lawyer and is financially unable to retain one, the court must refer the defendant to the local indigent criminal defense system's appointing authority for the appointment of one; or
>
> (3) if the defendant wants to retain a lawyer and has the financial ability to do so, the court must allow the defendant a reasonable opportunity to retain one. [MCR 6.005(E)(1)-(3).]

The record shows that the trial court substantially complied with the requirements set forth in MCR 6.005(E). The court confirmed at the plea hearing that defendant wished to continue to represent himself with standby counsel, satisfying MCR 6.005(E)(1)'s requirement that the defendant

-4-

reaffirm his or her waiver. Although the trial court did not explicitly advise defendant of his continuing right to counsel at public expense, the trial court implicitly complied with this requirement by reminding defendant that he had standby counsel and inquiring whether defendant "*just* want[ed] [Toman] to remain standby counsel."

Affirmed.

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Matthew S. Ackerman