PEOPLE v KOAN

Opinion of the Court

1. Criminal Law—Probation Revocation—Right to Counsel—Sentencing—Court Rules.

> It is not necessary at the time of sentencing following a probation revocation hearing to advise a defendant that she has the right to counsel, where the defendant has already intelligently waived her right to counsel at the revocation hearing; the court rule regulating sentencing procedures in regular criminal actions does not apply to probation revocation proceedings (GCR 1963, 785.8).

Dissent by Beasley, J.

2. Criminal Law—Probation Revocation—Right to Counsel—Sentencing—Waiver—Court Rules.

> *The court rule which entitles a defendant to be represented by counsel at sentencing unless she affirmatively waives that right is mandatory even where she has previously during the course of proceedings waived assistance of counsel; a waiver of counsel by a defendant at a probation revocation hearing was not sufficient to constitute a similar waiver at the subsequent sentencing where she was given no hint at the hearing that she would also be entitled to counsel at the time of sentence (GCR 1963, 785.4[1]).*

Appeal from Barry, Richard Robinson, J. Submitted May 5, 1976, at Lansing. (Docket No. 24114.) Decided July 20, 1976.

Janet L. Koan was convicted of knowingly issu-

References for Points in Headnotes

[1, 2] 21 Am Jur 2d, Criminal Law §§ 567, 568.

Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

ing a check without sufficient funds with intent to defraud, and placed on probation. Probation revoked. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *David A. Dimmers,* Prosecuting Attorney, for the people.

*Reid & Reid, P. C.,* for defendant on appeal.

Before: QUINN, P. J., and D. E. HOLBROOK and BEASLEY, JJ.

QUINN, P. J. Defendant appeals from her sentence following the revocation of her probation on the following allegations of error: defendant was denied counsel at her probation revocation hearing; defendant was denied counsel at sentencing; defendant's uncounseled plea of guilty to the probation violation was invalid.

Defendant was not denied counsel at her revocation hearing. The record establishes that she intelligently waived counsel at that time.

Defendant's argument that she was denied counsel at time of sentencing is based on the premise that counsel must be present at the time of sentencing, or that she must again be advised of her right to counsel at time of sentencing and again intelligently waive that right.

Neither the decided cases nor GCR 1963, 785.8(1) cited in support of defendant's basic premise apply to a sentencing following revocation of probation where defendant intelligently waived her right to counsel prior to the revocation hearing. The cases are factually inapposite and GCR 1963, 785.8(1) must be read in context with the total rule. When this is done, it is apparent that 785.8(1) has no application to probation revocation proceedings.

They are fully covered by statute, MCLA 771.4; MSA 28.1134, except for the right to counsel requirement or intelligent waiver thereof.

The third allegation of error merits no discussion.

Affirmed.

D. E. Holbrook, J., concurred.

Beasley, J. *(dissenting)*. In this case, at her probation revocation hearing, defendant waived her right to counsel.

However, at her subsequent sentencing to a term of not less than 16 months nor more than 48 months in prison, she neither was advised of her right to counsel nor did she waive her right to counsel nor was she represented by counsel at said sentencing.

Under GCR 1963, 785.4(1) which is mandatory, defendant was entitled to be represented by counsel at sentencing unless she affirmatively waived her right to counsel. The specific relevant language is as follows:

"Even though a defendant has during the course of proceedings waived assistance of a lawyer he shall not be called upon to participate in any subsequent proceedings * * * until upon being advised on each such occasion of his right to a lawyer at public expense he expressly reaffirms his desire to waive assistance of a lawyer or, if he is eligible for and then requests the appointment of a lawyer, until a lawyer has been appointed or if he then so requests and has the financial ability to do so, he has had a reasonable opportunity to retain a lawyer."

As a matter of fact, on the earlier occasion when she waived her right to counsel, defendant was given no hint that she would be entitled to counsel

at the time of sentence. This was not a sufficient waiver. Of further relevance here is GCR 1963, 785.8 which provides in part as follows:

"Sentencing. Before sentence is imposed the court shall: (1) Require the presence of defendant's lawyer unless affirmatively waived by defendant * * * ."

Therefore, in accord with PEOPLE v DeLaRosa (No. 20625, unpublished per curiam decided May 19, 1976), I would set aside the sentence and remand to the trial court.