PEOPLE v BELANGER

Docket No.197709. Submitted January 6, 1998, at Detroit. Decided February 3, 1998, at 9:15 A.M.

Michael L. Belanger pleaded guilty without the assistance of counsel in the Muskegon Circuit Court, Timothy G. Hicks, J., of violating the terms of his probation imposed as a result of a conviction of breaking and entering an occupied dwelling with the intent to commit a larceny therein. The defendant was sentenced to four to fifteen years' imprisonment. The defendant appealed, alleging that reversal is required because the waiver of counsel procedures set forth in *People v Anderson*, 398 Mich 361 (1976), and MCR 6.005 were not followed in the probation revocation proceedings.

The Court of Appeals *held*:

1. The waiver of counsel procedures set forth in *Anderson* and MCR 6.005 do not apply in probation revocation proceedings.

2. The fundamental right to be represented by counsel is maintained in probation revocation hearings.

3. MCR 6.445 applies to probation revocation hearings. The rule requires the court to inform the probationer of the right to contest the charges at the hearing, that the probationer is entitled to a lawyer's assistance at that hearing and all subsequent ones, and that a lawyer will be appointed if the probationer is unable to afford one. MCR 6.445 does not refer to the *Anderson* requirements or require compliance with the provisions of MCR 6.005(D). The procedural safeguards for the waiver of counsel set forth in MCR 6.005(D) were deliberately omitted from the requirements imposed by MCR 6.445 with regard to the right to counsel at probation revocation proceedings.

4. Due process is satisfied in a probation revocation proceeding if a trial court advises a defendant of the right to counsel and the appointment of counsel, if the defendant is indigent, and determines if there is a knowing and intelligent waiver of that right. The trial court complied with the requirements of MCR 6.445 at both the plea and the sentencing proceedings. It is clear that the defendant's waiver of the right to be represented by an attorney was knowingly made.

Affirmed.

1. CONSTITUTIONAL LAW — CRIMINAL LAW — PROBATION — PROBATION REVOCA-
   TION — RIGHT TO COUNSEL.

   The fundamental right to be represented by counsel is maintained in
   probation revocation hearings; however, probation revocation pro-
   ceedings are not equal to other criminal proceedings and due pro-
   cess requires only that such proceedings be fundamentally fair.

2. CONSTITUTIONAL LAW — CRIMINAL LAW — PROBATION — PROBATION REVOCA-
   TION — RIGHT TO COUNSEL.

   A defendant's due process right to be represented by an attorney at a
   probation revocation proceeding is satisfied where the trial court
   advises the defendant of the right to counsel and the appointment
   of counsel, if the defendant is indigent, and determines if there is a
   knowing and intelligent waiver of that right (MCR 6.445).

3. CRIMINAL LAW — PROBATION — PROBATION REVOCATION — RIGHT TO COUNSEL
   — WAIVER OF RIGHT TO COUNSEL.

   The waiver of counsel at probation revocation proceedings is gov-
   erned by MCR 6.445; the waiver of counsel procedures set forth in
   *People v Anderson*, 398 Mich 361 (1976), and MCR 6.005 do not
   apply in probation revocation proceedings.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Tony Tague*, Prosecuting Attorney, and *Kevin J. Wistrom*, Assistant Prosecuting Attorney, for the people.

*Joan Ellerbusch Morgan*, for the defendant on appeal.

Before: KELLY, P.J., and HOOD and GRIBBS, JJ.

HOOD, J. Defendant was convicted in 1994 of breaking and entering an occupied dwelling with the intent to commit a larceny therein, MCL 750.110; MSA 28.305. He was sentenced to one year in the Oceana County Jail and three years' probation. On July 15, 1996, defendant was convicted as a result of his plea of guilty of violating his probation by failing to report to his probation officer. He was sentenced to a term

of four to fifteen years' imprisonment on August 21, 1996, and appeals as of right. We affirm.

At the July 15, 1996, hearing, defendant entered his guilty plea without the assistance of counsel. Before defendant tendered the guilty plea, the trial court and defendant engaged in the following colloquy:

> *The Court*: You have the right to have a hearing in this matter. Do you understand that?
>
> *The Defendant*: Yes, sir.
>
> *The Court*: And you have the right to have an attorney represent you at this hearing.
>
> *The Defendant*: Yes, sir.
>
> *The Court*: You also have the right to petition the Court for the appointment of a public defender, court-appointed attorney, to represent you if you lack the resources to retain your own attorney. Do you understand that?
>
> *The Defendant*: Yes, sir.
>
> *The Court*: All right. Now if you're found guilty of this violation, then you come back to this Court for resentencing. At that time the Court retains all the original options that it had some time ago when you were sentenced. Do you understand that as well?
>
> *The Defendant*: Yes, sir.
>
> *   *   *
>
> *The Court*: The maximum penalty for the charge for which you were convicted, which is breaking and entering an occupied dwelling with the intent to commit a larceny therein, is 15 years. Do you understand that as well?
>
> *The Defendant*: Yes, sir.

The trial court proceeded to explain to defendant his options for pleading with regard to the probation violation, including that he could stand mute, plead nolo contendre, plead guilty, or plead not guilty. Defendant thereafter pleaded guilty. During the hearing, after

stating that he wished to plead guilty, defendant attempted to proffer an excuse regarding why he had repeatedly failed to report to his probation officer. At that point the court stated:

> [*The Court*]: If you think there's some reason or misunderstanding about what your probation officer told you, then you should plead not guilty here today and find a lawyer and tell that to the lawyer.
> [*The Defendant*]: No. I'm ready to get it over with, sir.

The trial court accepted the guilty plea, finding that it was understandingly, knowingly, and voluntarily made. Before the close of the hearing, the trial court asked defendant if he wanted to vacate the guilty plea. Defendant replied in the negative, claiming that he was "ready to get it done and over with."

At sentencing on August 21, 1996, the following discussion regarding counsel was held:

> *The Court*: . . . You have the right to have an attorney represent you at these proceedings. Do you understand that?
> *The Defendant*: Yes, sir.
> *The Court*: Are you under the influence of drugs or alcohol or anything which affects your ability to or willingness to exercise that right?
> *The Defendant*: No, sir.
> *The Court*: Is it your desire to go ahead and have this sentencing without an attorney?
> *The Defendant*: Yes, sir.
> *The Court*: You are aware that there are certain things that attorneys can do for you, aren't you?
> *The Defendant*: Yes, sir.
> *The Court*: I mean, you sat through the discussion of the previous defendant, haven't you?
> *The Defendant*: Yeah.
> *The Court*: Discussion about guidelines and this and that and the other, correct?

*The Defendant*: Yes.

*The Court*: But its your desire to go ahead and have the sentencing without them?

*The Defendant*: Yes, sir.

On appeal, defendant claims that there was no valid waiver of counsel at the July 1996 hearing because the constitutional protections set forth by our Supreme Court in *People v Anderson*, 398 Mich 361; 247 NW2d 857 (1976), were not afforded to him. He argues that his conviction and sentence should therefore be reversed. The issue presented is one of first impression for our courts, specifically whether a defendant in a probation revocation hearing is to be afforded the particular protections with regard to waiving his right to counsel that are set forth in *Anderson, supra*, and MCR 6.005. For the reasons set forth below, we find that the waiver of counsel procedures set forth in *Anderson, supra*, and MCR 6.005 do not apply in probation revocation proceedings.

Criminal defendants have a constitutional right to proceed in propria persona in any criminal proceeding. *People v Adkins (After Remand)*, 452 Mich 702, 720; 551 NW2d 108 (1996). Conversely, criminal defendants have the right to be represented by counsel in a criminal proceeding. *Id.* The premise underlying the right to counsel, stated simply, is that criminal defendants represented by lawyers "stand a better chance of having a fair trial than people without lawyers." *Id.* at 721. For that reason, there is a presumption against the waiver of counsel. *Id.* The fundamental right to be represented by counsel is maintained in probation revocation hearings. *People v Kitley*, 59 Mich App 71, 73; 228 NW2d 834 (1975).

Our courts have discussed and set forth specific procedures that must be followed by a trial court before it allows a criminal defendant to waive counsel and proceed in propria persona. *Anderson, supra* at 367; *Adkins, supra.* First, the court must find that the defendant's request to proceed without counsel be unequivocal. *Adkins, supra* at 722. Second, the defendant must "assert his right to self-representation knowingly, intelligently, and voluntarily." *Id.* Third, the trial court must determine that the defendant will not unduly disrupt the court while acting as his own counsel. *Id.* In addition, before accepting a waiver of counsel, the trial court must satisfy the requirements of MCR 6.005 and inform the defendant of the risks of self-representation. *Id.*

MCR 6.005 provides in relevant part:

> (A) Advice of Right. At the arraignment on the warrant or complaint, the court must advise the defendant
>
> (1) of entitlement to a lawyer's assistance at all subsequent court proceedings, and
>
> (2) that the court will appoint a lawyer at public expense if the defendant wants one and is financially unable to retain one.
>
>         `*    *    *`
>
> (D) Appointment or Waiver of a Lawyer. If the court determines that the defendant is financially unable to retain a lawyer, it must promptly appoint a lawyer . . . . The court may not permit the defendant to make an initial waiver of the right to be represented by a lawyer without first
>
> (1) advising the defendant of the charge, the maximum possible prison sentence for the offense, any mandatory minimum sentence required by law, and the risk involved in self-representation, and
>
> (2) . . . if the defendant is indigent, the opportunity to consult with an appointed lawyer.

The procedural safeguards set forth in *Anderson, supra,* were developed in the context of a criminal defendant waiving counsel in proceedings with regard to an underlying offense. *Id.* In fact, they contemplate that a trial will be held. The law has not been developed with regard to specific procedures regarding how waiver of counsel is to be effected in a probation revocation hearing.[1]

Probation revocation proceedings are summary and informal and are not subject to the rules of evidence or of pleadings applicable in criminal trials. MCL 771.4; MSA 28.1134. The defendants in these proceedings do not have "the full panoply of rights constitutionally guaranteed in a criminal trial . . . ." *People v Martin,* 61 Mich App 102, 107; 232 NW2d 191 (1975). In *People v Rial,* 399 Mich 431; 249 NW2d 114 (1976), the defendants waived their right to counsel and a formal hearing. They then pleaded guilty of violating the terms of their probation. On appeal, the defendants argued that they were not adequately

---

[1] Plaintiff's argument that *People v Lane,* 453 Mich 132; 551 NW2d 382 (1996), applies and is controlling in this case is not accurate. In *Lane,* the Court's inquiry was narrowly limited to the issue whether the trial court committed error requiring reversal in failing to comply with MCR 6.005(E) before an habitual offender trial and sentencing. *Lane* involved a trial court's failure to advise a defendant of the right to counsel before a subsequent trial regarding an habitual offender charge after the defendant's trial with regard to the underlying offense and before the sentencing. The defendant had properly waived his right to counsel for the trial regarding the underlying charge. The Court discussed the standard of review for subsequent waivers of counsel in a trial setting and determined that the alleged error was an unpreserved, nonconstitutional plain error that was to be treated like any other trial error. *Id.* at 140. *Lane* does not assist this Court in addressing the specific issue before us regarding the rights to be afforded to a defendant before a probation revocation hearing. Defendant here complains that there was no valid waiver of counsel before the initial hearing. This is not a case dealing with the subsequent waiver of counsel in trial proceedings.

advised of their rights before the court's acceptance of their waivers of counsel and a formal hearing. The Court stated:

Defendants urge this Court to equate a formal probation violation hearing with a trial by imposing restrictions and standards on a defendant's admission of probation violation which are similar to those imposed upon a plea of guilty . . . .

\*     \*     \*

Defendants' analogy to a trial and a guilty plea is unsound. Probation revocation is not a stage of a criminal prosecution. In these proceedings we deal not with the procedural rights of an accused in a criminal prosecution, but with the more limited due process rights of one who is a probationer because he has been convicted of a crime. . . .

. . . We are not concerned with a plea of guilty in these proceedings. The guilt of the defendants had already been determined. The scope of a probation violation hearing is limited. The procedure is summary and informal, not subject to the rules of evidence or pleadings applicable in criminal trials. . . .

Each defendant was advised by the court that if he wished to contest the alleged violations of his probation, a hearing would be held to determine the truthfulness of the charges, and he would be entitled to counsel at the hearing. Given the limited nature of these hearings, we hold that both defendants were adequately informed of their procedural and constitutional rights. [*Id.* at 435-436.]

In *People v Ritter*, 186 Mich App 701, 705; 464 NW2d 919 (1991), this Court reiterated that revocation of probation is not part of a criminal prosecution and stated:

It [revocation of probation] deprives the defendant of only conditional liberty which is properly dependent on observance of the terms of the probation order, rather than

the absolute liberty to which every citizen is entitled. The defendant is a probationer only because he has been convicted of a crime. He is not entitled to the full range of due process rights associated with a criminal trial. *Due process requires only that the revocation proceedings be conducted in a fundamentally fair manner.* [*Id.* at 705-706 (emphasis added).]

MCR 6.445 applies to probation revocation hearings. It states that at the arraignment, the court is required to ensure that the probationer receives written notice of the alleged violation. Pursuant to the rule, the court is also required to inform the defendant that he has the right to contest the charge at a hearing, that he is entitled to a lawyer's assistance at that hearing and all subsequent ones, and that a lawyer will be appointed if the probationer is unable to afford one. MCR 6.445 does not reference any additional, initial requirements with regard to the right to counsel, and it does not set forth a particular procedure to be used to waive counsel. Specifically, it does not reference the *Anderson, supra,* requirements or require that the court comply with provisions of MCR 6.005(D). It does, however, provide that if there is a waiver of the right to counsel, the trial court must thereafter comply with the provisions of MCR 6.005(E), which states:

(E) Advice at Subsequent Proceedings. If a defendant has waived the assistance of a lawyer, the record of each subsequent proceeding . . . need show only that the court advised the defendant of the continuing right to a lawyer's assistance (at public expense if the defendant is indigent) and that the defendant waived that right. Before the court begins such proceedings,

(1) the defendant must reaffirm that a lawyer's assistance is not wanted; or

(2) if the defendant requests a lawyer and is financially unable to retain one, the court must appoint one; or

(3) if the defendant wants to retain a lawyer and has the financial ability to do so, the court must allow the defendant a reasonable opportunity to retain one.

The omission of a provision in one part of a statute that is included in another part should be construed as intentional. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993).[2] Because the advice and waiver procedures for subsequent proceedings are specifically referenced in MCR 6.445(D), but the advice and waiver procedures for initial criminal hearings are not referred to at all in the rest of the rule, it appears clear that the procedural safeguards set forth in MCR 6.005(D) were deliberately omitted for probation revocation cases. We decline to graft those requirements onto MCR 6.445.

Moreover, the only requirements previously set forth with regard to waiver of counsel in a probation revocation proceeding have been that the trial court advise the defendant of the right to be represented and determine if the defendant has made a knowing and intelligent waiver of that right. *Kitley, supra* at 73. In *Kitley*, this Court stated:

Factors to be considered when deciding whether defendant had made a knowing waiver of his right to counsel are defendant's age, education, prior criminal experience, mental state, financial condition, and the various factors, pressures or inducements which led him to admit the allegations against him without the assistance of counsel. [*Id.* at 76.]

---

[2] Rules of statutory construction apply to court rules. *Michigan Basic Property Ins Ass'n v Hackert Furniture Distributing Co, Inc*, 194 Mich App 230, 234; 486 NW2d 68 (1992).

See also *People v Koan*, 70 Mich App 214, 215-216; 245 NW2d 704 (1976); *People v Jackson*, 63 Mich App 241, 248; 234 NW2d 467 (1975); *People v Hazen*, 19 Mich App 576, 577; 172 NW2d 860 (1969).

We are mindful that other jurisdictions have applied full procedural safeguards in probation revocation proceedings. See, e.g., *Savage v State*, 581 So 2d 205 (Fla App, 1991); *Huckaby v State*, 305 SC 331; 408 SE2d 242 (1991); *People v Hall*, 218 Cal App 3d 1102; 267 Cal Rptr 494 (1990); *State v Warren*, 82 NC App 84; 345 SE2d 437 (1986). Nevertheless, the authority in our state is clear that probation revocation proceedings are not equal to other criminal proceedings, see *Rial, supra*. We have previously ruled that due process requires only that the proceedings be fundamentally fair. *Ritter, supra*. Therefore, we are not persuaded that the full procedural safeguards should be extended to these proceedings. Defendant has offered no authority to support such an extension and we do not find any.

Pursuant to MCR 6.445 and *Kitley, supra*, we find that due process is satisfied in a probation revocation proceeding if a trial court advises a defendant of his right to counsel and the appointment of counsel, if he is indigent, and determines if there is a knowing and intelligent waiver of that right. Applying this standard to the case at bar, the trial court complied with the requirements of MCR 6.445 at both the plea and sentencing proceedings. At the plea hearing, the court informed defendant of the charges pending against him, that he had the right to contest the charges, that he had the right to be represented by an attorney, and that if he could not afford an attorney, one would be appointed. The court also emphasized that if defend-

ant believed he had a legitimate defense to the probation violation, the proceedings would be stopped so that defendant could obtain a lawyer. Defendant indicated that he was "ready to get it over with." Bond was then set. This clearly complies with MCR 6.445(B). At the subsequent sentencing hearing, the court advised defendant of his right to be represented by an attorney and defendant indicated that he wanted to proceed without one. This conforms with the requirement of MCR 6.445(D). Finally, reviewing the factors set forth in *Kitley, supra,* it is clear that defendant's waiver was knowingly made. The Sentencing Information Report completed for the underlying felony indicates that defendant's prior record level was Level D, the highest. Defendant has a criminal history and a high level of familiarity with the criminal justice system. He was twenty-two years old at the time. Moreover, there is nothing on the record to indicate that defendant was in any way pressured to admit the charge against him without the assistance of counsel. Indeed, on two separate occasions, the court double-checked with defendant to make sure he wanted to proceed without counsel. Accordingly, defendant's right to counsel was not violated by the trial court.

Affirmed.