*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JONATHAN JOSEPH GOOD,

        Defendant-Appellant.

FOR PUBLICATION
January 19, 2023
9:20 a.m.

No. 349268
Mecosta Circuit Court
LC No. 08-006437-FC

Before: JANSEN, P.J., and CAMERON and RICK, JJ.

PER CURIAM.

Defendant appeals as on leave granted[1] the trial court's order denying his motion for relief from judgment. We affirm in part, vacate in part, and remand for further proceedings.

## I. BACKGROUND

Defendant was convicted by a jury of safe breaking, seven counts of breaking and entering with intent to commit larceny or a felony, first-degree home invasion, two counts of armed robbery, unlawfully driving away a motor vehicle, two counts of conspiracy to commit first-degree premeditated murder, two counts of assault with intent to commit murder, attempted murder, witness intimidation, criminal enterprise, and seven counts of possession of a firearm during the commission of a felony. These offenses occurred during a one-month crime-spree in 2008 when defendant, a 36-year-old, led a group of teenagers in committing a series of crimes.

### A. CASE HISTORY

In 2013, defendant appealed his convictions. This Court affirmed defendant's convictions, but remanded the case to the trial court for a reassessment of the attorney fees imposed by the trial court. *People v Good*, unpublished opinion of the Court of Appeals, issued October 15, 2013

---

[1] *People v Good*, 507 Mich 852 (2021).

(Docket No. 295538), p 1 (*Good I*). The trial court subsequently entered an amended judgment of sentence, this time imposing attorney fees in the amount of $20,638.33.

Defendant again appealed the trial court's calculation of attorney fees. *People v Good*, unpublished opinion of the Court of Appeals, issued February 23, 2017 (Docket No. 329177), p 1 (*Good II*). Importantly, he filed a Standard 4 brief in which he claimed that: (1) he was denied the right to represent himself at the remand hearing regarding the attorney fees; (2) he was denied his right of allocution at the remand hearing; (3) he was denied his right to the effective assistance of counsel; and (4) he was overcharged for restitution, court costs, and fees. *Id.* at 1-8. This Court concluded that the trial court had again erred in calculating the amount of attorney fees. *Id.* at 1. We remanded the case for entry of the amended judgment of sentence reducing the amount owed for attorney fees. *Id.* at 8.

## B. PRESENT APPEAL

Defendant then filed a motion for relief from judgment in the trial court under MCR 6.500. He claimed that: (1) the court improperly ordered him to pay restitution for uncharged conduct; (2) the sentencing court incorrectly assessed points for offense variables based on judicially determined facts; (3) prior appellate counsel was ineffective for failing to raise a claim concerning trial counsel's ineffective assistance involving an alleged illegal arrest; (4) prior appellate counsel was ineffective for failing to argue that defendant should not have been assessed over $25,000 in transcript fees; (5) prior appellate counsel was ineffective for failing to challenge defendant's status as a habitual offender; and (6) prior appellate counsel was ineffective for failing to raise a number of claims of judicial misconduct. The trial court denied this motion in a written order:

> Upon review of the filings, the Court denies Defendant's Motion for Reconsideration. Under MCR 6.508(D)(2)-(3), the Court may not grant relief if the motion alleges grounds for relief already decided against the defendant on appeal or grounds which could have been brought on appeal but were not. The Court may still grant relief under MCR 6.508(D)(3) if the defendant demonstrates good cause for why the grounds were not brought. [Defendant's] restitution for uncharged conduct and sentencing arguments have already been rejected on appeal. *People v. Good,* 2017 WL 722195 (Feb. 23, 2017). [Defendant] also argues that his trial and appellate counsels were ineffective for failing to raise numerous arguments. However, [defendant] represented himself at trial. On appeal, [defendant] used a Standard 4 brief to raise the arguments counsel did not. Therefore, any possible error caused by not raising these arguments was cured. *People v. Lopez,* [305 Mich App 686, 694; 854 NW2d 205 (2014)]. Defendant's Motion is DENIED.

This Court denied defendant's application for leave to appeal. *People v Good*, unpublished order of the Court of Appeals, entered October 23, 2019 (Docket No. 349268). Defendant then applied to our Supreme Court for leave to appeal. In lieu of granting leave, our Supreme Court issued an order remanding the case to this Court for consideration, as on leave granted, of

> (1) whether the defendant, by filing a Standard 4 supplemental brief on direct appeal, waived his right to claim ineffective assistance of appellate counsel in proceedings under MCR Subchapter 6.500; (2) whether the Court of Appeals

decided the defendant's restitution and sentencing grounds for relief against him in the prior appeal, MCR 6.508(D)(2); and (3) if not, whether the defendant is entitled to relief from judgment on these grounds for relief. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court. [*People v Good*, 507 Mich 852 (2021).]

We now consider these issues.

## II. STANDARD OF REVIEW

This Court reviews a trial court's decision on a motion for relief from judgment "for an abuse of discretion and its findings of facts supporting its decision for clear error." *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Grant*, 329 Mich App 626, 634; 944 NW2d 172 (2019) (quotation marks and citation omitted). "A trial court necessarily abuses its discretion when it makes an error of law." *People v Everett*, 318 Mich App 511, 516; 899 NW2d 94 (2017) (quotation marks and citation omitted).

We review de novo several other issues presented in defendant's brief on appeal, including whether a party has waived a right, see *Allard v Allard (On Remand)*, 318 Mich App 583, 593; 899 NW2d 420 (2017); *Ladd v Motor City Plastics Co*, 303 Mich App 83, 101; 842 NW2d 388 (2013), and "[w]hether a trial court followed an appellate court's ruling on remand . . . ." *People v Lampe*, 327 Mich App 104, 111; 933 NW2d 314 (2019) (quotation marks and citation omitted). We also review de novo constitutional issues, such as whether judicial misconduct denied a defendant a fair trial. *People v Stevens*, 498 Mich 162, 168; 869 NW2d 233 (2015); *People v Conat*, 238 Mich App 134, 144; 605 NW2d 49 (1999).

## III. STANDARD 4 BRIEF AND WAIVER

Defendant first argues that the trial court erred when it concluded that he waived his claims of ineffective assistance of appellate counsel by filing a Standard 4 brief.[2] We agree.

Criminal defendants in Michigan have the right to effective assistance of appellate counsel. Const 1963, art 1, § 20; see also *People v Craig*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357896); slip op at 4. Alongside this right, criminal defendants may also supplement their appellate counsel's arguments by filing a "Standard 4" brief. Our Supreme Court explained this process, stating, in part: "When a defendant insists that a particular claim or claims be raised on appeal against the advice of counsel, counsel shall inform the defendant of the right to present the claim or claims in propria persona." Administrative Order No. 2004-6, 471 Mich c, cii (2004).

In this case, the trial court denied defendant's motion for relief from judgment partially because defendant filed a Standard 4 brief in his earlier appeal. The trial court reasoned that "any possible error caused by not raising these arguments was cured." In reaching this conclusion, the

---

[2] See Administrative Order No. 2004-6, 471 Mich c, cii (2004).

trial court relied on *People v Lopez*, 305 Mich App 686; 854 NW2d 205 (2014). The *Lopez* defendant filed a Standard 4 brief alleging that his appellate counsel was ineffective. *Id*. at 694. Despite this assertion, this Court determined the defendant's argument was abandoned for failure to "identify any specific legal issue that his appellate counsel failed to raise on appeal." *Id*. We also noted that "to the extent that [the] defendant argues that appellate counsel should have raised the issue of trial counsel being ineffective, because [the] defendant raises this issue in his Standard 4 brief, any possible error committed by his appellate counsel was cured." *Id*.

Initially, we must determine the precedential value of our statement that the *Lopez* defendant had "cured" his ineffective assistance of appellate counsel argument by filing a Standard 4 brief. Under MCR 7.215(J)(1), we are bound to follow "rule[s] of law" established by published decisions of this Court. However, not all statements in a published decision are considered rules of law—indeed, some statements are merely dicta. Dicta are "judicial comment[s] made during the course of delivering a judicial opinion, but [are] unnecessary to the decision in the case and therefore not precedential (though [they] may be considered persuasive)." *People v Warner*, 339 Mich App 125, 138; 981 NW2d 733 (2021), oral argument ordered on the application ___ Mich ___ (2022) (quotation marks and citation omitted).

As noted, the *Lopez* Court concluded that the defendant had abandoned the ineffective assistance of appellate counsel issue and dispensed of the issue on that basis. *Lopez*, 305 Mich App at 694. Although we went on to note that the defendant had "cured" the question of ineffective assistance of appellate counsel by filing a Standard 4 brief, this analysis was not "essential" to the outcome of the case because we already determined the issue was abandoned. The additional reasoning in *Lopez* relating to the cured defect as a result of the filing of a Standard 4 brief is dicta and our supplemental remarks relating to the filing of the Standard 4 brief did not create a "new rule of law" for purposes of MCR 7.215(J)(1). Accordingly, we are not bound by such dicta in this case. *Warner*, 339 Mich App at 138.

We next turn to the question of whether defendant was barred from challenging appellate counsel's effectiveness because he filed a Standard 4 brief on direct appeal. The prosecution urges us to extend the legal principle that defendants who represent themselves at trial may not thereafter seek relief on the ground that he lacked adequate assistance of counsel. See *Faretta v California*, 422 US 806, 834 n 46; 95 S Ct 2525; 45 L Ed 2d 562 (1975) ("a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel' "). The prosecution argues that defendant's supplemental pro se advocacy on direct appeal should bar later claims of ineffective assistance predicated on any issues defendant could have thus raised, whether or not he actually did so.

However, there is an important distinction between a defendant who represents themselves at trial, and a defendant who files a Standard 4 brief on appeal. A criminal defendant who elects self-representation at trial knowingly and intelligently waives their constitutional right to an attorney and with the understanding that they are solely responsible for their defense. See, e.g., *People v Belanger*, 227 Mich App 637, 642; 576 NW2d 703 (1998) (quotation marks and citation omitted) ("[T]he defendant must assert his right to self-representation knowingly, intelligently, and voluntarily."). That is not the case for a defendant who files a Standard 4 brief on appeal. A criminal defendant who has filed a Standard 4 brief has *retained* their constitutional right to an attorney, and their purpose in filing the Standard 4 brief is when they "insist[] that a particular

claim or claims be raised on appeal against the advice of counsel . . . ." AO 2004-6. In other words, a defendant who files a Standard 4 brief in a criminal appeal continues to rely on appellate counsel, and they only file a Standard 4 brief to *supplement*, not *supplant*, appellate counsel's arguments.

Consequently, we hold that a defendant who has supplemented appellate counsel's efforts with a Standard 4 brief does not per se waive their ability to later raise ineffective assistance of appellate counsel claims in a motion for relief from judgment. This holding is not to say that arguments made in a motion for relief from judgment may not otherwise be barred under MCR 6.508(D). A court presented with such a claim in a motion for relief from judgment should carefully consider any pro se appellate advocacy when deciding both if the Standard 4 brief covered some alleged deficiency in appellate counsel's performance, and if the defendant has satisfied the good-cause requirements under MCR 6.508(D)(3) for failing to raise issues on direct appeal.

The trial court in this case erred to the extent it concluded defendant's ineffective assistance of counsel claim was barred because defendant filed a Standard 4 brief in his earlier appeal to this Court. We vacate the portion of the order rejecting defendant's ineffective assistance of counsel claim and remand this issue to the trial court for a determination whether good cause has been established under MCR 6.508(D)(3)(a)—specifically, whether good cause exists for appellate counsel's failure to challenge the validity of defendant's arrest, potential judicial misconduct, and the imposition of transcript costs under MCR 6.433.

## IV. RESTITUTION AND SENTENCING CLAIMS

Next, we are tasked with determining whether defendant's claims challenging sentencing and assessment of restitution have been decided by this Court. *Good*, 507 Mich 852.

## A. RESTITUTION

Defendant argues that this Court has not resolved the issue of restitution, and therefore it was ripe for the trial court's consideration. We agree.

While defendant's claim of appeal after this Court's remand in *Good I* was pending, appellate counsel filed a motion in this Court seeking to add issues that counsel maintained should have been raised by appellate counsel in the initial appeal, including a challenge to an award of restitution for uncharged conduct in violation of recent caselaw. This Court denied the motion on the ground that the new issues were beyond the scope of the remand for resentencing. *People v Good*, unpublished order of the Court of Appeals, entered January 8, 2016 (Docket No. 329177). Nonetheless, in his Standard 4 brief, defendant, relying on *People v McKinley*, 496 Mich 410; 852 NW2d 770 (2014), argued that he could not be ordered to pay restitution for losses to victims arising from uncharged conduct. In *McKinley*, our Supreme Court held that sentencing courts are not authorized to impose restitution on criminal defendants "based solely on uncharged conduct." *Id.* at 424.

Although the majority of the panel in *Good II* recognized that defendant raised this issue, the panel dispensed of it on procedural grounds. *Good II*, unpub op at 7. This Court's strict

-5-

adherence to the scope of the remand was not one against defendant in a prior appeal for purposes of MCR 6.508(D)(2). Therefore, restitution remained at issue because it was not decided on direct appeal. Accordingly, we conclude that the trial court erred by refusing to entertain defendant's restitution issue on the ground that this Court had decided it against defendant in an earlier appeal. We remand this issue to the trial court to determine whether restitution to Ace Gun Shop was authorized under *McKinley*, 496 Mich at 424.

## B.  SENTENCING AND LOCKRIDGE

Defendant also asserts that the trial court improperly relied on judicially determined facts for purposes of scoring the sentencing guidelines and argues that he is entitled to relief from judgment on the basis of *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), because his direct appeal did not become final until October 5, 2017. We disagree.

In *Good II*, unpub op at 7, a panel of this Court rejected defendant's invocation of *Lockridge* on the ground that, by raising the issue, defendant was attempting to expand the scope of a remand on direct appeal. The trial court rejected this as a basis for relief from judgment for that reason. For the same reasoning explained earlier, the trial court erred by treating this Court's refusal to allow defendant to inject his *Lockridge* issue into the proceedings on remand regarding attorney fees as a decision against defendant for purposes of MCR 6.508(D)(2). However, in the instant appeal, defendant fails to provide a substantive analysis and he simply asserts that the merits of his *Lockridge* challenge are "indisputable except for the government's flawed retroactivity argument." Defendant's failure to adequately brief the merits of this argument renders it waived and we decline to consider it now. See *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004) ("The failure to brief the merits of an allegation of error constitutes an abandonment of the issue.").

## V.  CONCLUSION

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Thomas C. Cameron
/s/ Michelle M. Rick