*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 9, 2023

Plaintiff-Appellee,

v

No. 358310
Lake Circuit Court
LC No. 21-005740-FH

DEVINCI OSIRIS DUMAS,

Defendant-Appellant.

Before: JANSEN, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

A jury convicted defendant of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84(1), and assaulting, resisting, or obstructing a police officer, causing injury, MCL 750.81d(2).[1] The trial court departed from the applicable sentencing guidelines range and sentenced defendant as a second-offense habitual offender, MCL 769.10, to 5 to 15 years' imprisonment for AWIGBH and 4 to 6 years' imprisonment for assaulting, resisting, or obstructing a police officer.[2] Defendant appeals by right, challenging the validity of his waiver of his right to counsel, the content of his presentence investigation report (PSIR), the scoring of Offense Variable (OV) 4, and the trial court's upward departure sentence. For the reasons set forth below, we affirm defendant's conviction but vacate his sentence and remand for resentencing.

## I. FACTS AND PROCEDURAL HISTORY

On March 20, 2021, after being involved in a traffic accident and arrested, while being transported to jail, defendant assaulted a Michigan conservation officer. The officer arrested defendant after he provided the officer with a false name and had an open container of alcohol in the vehicle he drove through a stop sign and into a swamp. The officer placed defendant in the

---

[1] The jury acquitted defendant of one count of malicious destruction of police or fire department property, MCL 750.377b.

[2] The court ordered that the sentences "run consecutive with parole."

front passenger seat of the officer's patrol truck with his seatbelt securely fastened and his hands cuffed behind his back. Defendant unbuckled his seatbelt once, the officer refastened it, defendant unbuckled it again, brought his feet up onto the seat and repeatedly kicked the officer in his body and head. The officer slammed on the brakes and stopped, tried to stop defendant, but defendant continued to kick the officer's body and head until two bystanders approached the vehicle, and after seeing defendant kicking the officer, removed defendant from the vehicle and restrained him while the officer called for backup. The officer suffered from a concussion, broken ribs, and several lacerations.

## II.  ANALYSIS

### A.  WAIVER OF RIGHT TO COUNSEL

Defendant argues that the trial court did not ensure that he validly made his initial waiver of counsel, and that the trial court failed to revisit defendant's waiver of counsel and adhere to MCR 6.005(E) at the beginning of each subsequent proceeding. "When assessing the validity of a defendant's waiver of the right to counsel, we review de novo the entire record to determine whether the trial court's factual findings regarding the waiver were clearly erroneous." *People v Willing*, 267 Mich App 208, 218; 704 NW2d 472 (2005). We also review de novo interpretation of the law or the application of a constitutional standard to uncontested facts. *Id*. at 219. Defendant, however, failed to preserve this issue for appeal. Accordingly, we review this unpreserved issue for plain error. *People v Campbell*, 316 Mich App 279, 283; 894 NW2d 72 (2016). In *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999), our Supreme Court explained:

> To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice. Finally, once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence. [Quotation marks and citations omitted.]

Defendants have a constitutional right to be represented by counsel or to proceed *in propria persona* in any criminal proceeding. *People v Belanger*, 227 Mich App 637, 641; 576 NW2d 703 (1998). To determine whether a defendant has waived his Sixth Amendment right to counsel, the trial court must make three findings as required under *People v Anderson*, 398 Mich 361; 247 NW2d 857 (1976), and inform the defendant of several pieces of information:

> First, the waiver request must be unequivocal. Second, the trial court must be satisfied that the waiver is knowingly, intelligently, and voluntarily made. To this end, the trial court should inform the defendant of potential risks. Third, the trial

court must be satisfied that the defendant will not disrupt, unduly inconvenience, and burden the court or the administration of court business.

Consistent with *Anderson*, MCR 6.005(D)(1) governs procedures concerning a defendant's waiver of the right to an attorney. It prohibits a court from granting a defendant's waiver request without first

> advising the defendant of the charge, the maximum possible prison sentence for the offense, any mandatory minimum sentence required by law, and the risk involved in self-representation . . . . [MCR 6.005(D)(1).] [*People v Williams*, 470 Mich 634, 642-643; 683 NW2d 597 (2004).]

Whether a trial court has adhered to these requirements is reviewed under a "substantial compliance" standard. *People v Adkins (After Remand)*, 452 Mich 702, 726; 551 NW2d 108 (1996). "Substantial compliance requires that the court discuss the substance of both *Anderson* and MCR 6.005(D) in a short colloquy with the defendant, and make an express finding that the defendant fully understands, recognizes, and agrees to abide by the waiver of counsel procedures." *Id.* 726-727. Further, at each "subsequent proceeding (e.g., preliminary examination, arraignment, proceedings leading to possible revocation of youthful trainee status, hearings, trial or sentencing)" the trial court must show that it "advised the defendant of the continuing right to a lawyer's assistance" and that defendant waived that right. MCR 6.005(E). Before the trial court begins such "subsequent proceedings," "the defendant must reaffirm that a lawyer's assistance is not wanted." MCR 6.005(E)(1).

The trial court substantially complied with the requirements of MCR 6.005 and *Anderson* by ensuring the validity of defendant's initial waiver of counsel. At the beginning of defendant's pretrial hearing, defendant's appointed attorney informed the trial court that defendant wished to proceed *in propria persona* for his trial. The trial court proceeded to question defendant for the remainder of the hearing about his decision to waive his right to counsel. The trial court questioned defendant at length about his choice to waive his right to counsel and informed defendant of the charges against him, the maximum sentence for each of the charges against him, the risks of self-representation, the benefits of having an attorney represent him, and that the trial court was required to find defendant would not disrupt the judicial process. Defendant also affirmatively stated multiple times that he understood these risks and still wished to waive his right to an attorney. Although the trial court did not explicitly find that defendant's waiver was knowingly, intelligently, and voluntarily made, the trial court's extensive dialogue with defendant, defendant's repeated acknowledgment of the risks inherent in self-representation, and defendant's acknowledgment of the trial court's warnings indicate that defendant knowingly, intelligently, and voluntarily waived his right to counsel. See *Williams*, 470 Mich at 642. The trial court, therefore, substantially complied with both *Anderson* and MCR 6.005(D) and defendant validly made his initial waiver of his right to counsel.

The trial court, however, erred by failing to obtain defendant's reaffirmation of his waiver of counsel at the beginning of his trial and his sentencing hearing. According to MCR 6.005(E), a "subsequent proceeding" includes "hearings, trial or sentencing." According to the plain language of MCR 6.005(E), a trial court must obtain the defendant's reaffirmation of the

defendant's waiver before his trial and his sentencing hearing, but need not reaffirm his waiver on each day of his trial. In this case, the trial court did not discuss defendant's waiver of counsel at any subsequent proceeding, and therefore, failed to comply with MCR 6.005(E). Further, the presence of standby counsel did not mitigate the trial court's failure to obtain defendant's reaffirmance of his waiver of counsel. See *People v Lane*, 453 Mich 132, 138; 551 NW2d 382 (1996). As a result, because the trial court failed to obtain defendant's reaffirmance of his waiver of counsel before the start of his trial and before the start of his sentencing hearing, the trial court did not comply with MCR 6.005(E).

Although the trial court plainly erred by failing to obtain defendant's reaffirmance of his waiver of counsel at each subsequent proceeding, reversal is not required because defendant cannot establish that he suffered prejudice from the trial court's error because he cannot show that the error affected the outcome of the lower court proceedings. See *Carines*, 460 Mich at 763; *Campbell*, 316 Mich App at 283. Overwhelming evidence and testimony, including testimony from the assaulted officer and the two bystanders, and medical evidence of the officer's injuries, established defendant's guilt beyond a reasonable doubt. The record also indicates that the trial court appointed advisory counsel to assist defendant. The plain error did not affect the outcome of the lower court proceedings. *Carines*, 460 Mich at 763. Accordingly, despite the presence of this plain error, reversal is not required.

## B. PSIR INFORMATION

Defendant argues that the reference to gang affiliation in his PSIR is inaccurate and should be omitted because the Department of Corrections (DOC) makes critical decisions regarding a defendant's status based on information contained in the PSIR. We disagree.

MCL 771.14(6) provides:

> At the time of sentencing, either party may challenge, on the record, the accuracy or relevancy of any information contained in the presentence investigation report. The court may order an adjournment to permit the parties to prepare a challenge or a response to a challenge. If the court finds on the record that the challenged information is inaccurate or irrelevant, that finding shall be made a part of the record, the presentence investigation report shall be amended, and the inaccurate or irrelevant information shall be stricken accordingly before the report is transmitted to the department of corrections.

The trial court's response to a claim of inaccuracies in the presentence investigation report is reviewed for an abuse of discretion. *People v Waclawski*, 286 Mich App 634, 689; 780 NW2d 321 (2009). A court abuses its discretion when it selects an outcome outside the range of reasonable and principled outcomes. *Id*. A defendant is entitled to have an accurate PSIR forwarded to the DOC because it makes significant decisions based on information contained in a PSIR. *Id*. "The information is presumed to be accurate, and the defendant has the burden of going forward with an effective challenge, but upon assertion of a challenge to the factual accuracy of information, a court has a duty to resolve the challenge." *Id*. (citation omitted). "Once a defendant effectively challenges a factual assertion, the prosecutor has the burden to prove the fact by a preponderance of the evidence." *Id*. at 690 (citation omitted).

In this case, at sentencing, defendant challenged the accuracy of the information in his PSIR regarding gang affiliation. The prosecution advised the court that the Michigan Law Enforcement Information Network and previous PSIRs concerning defendant stated information that supported the gang affiliation reference in the present PSIR. Contrary to defendant's assertion the record contains evidence of his gang affiliation. Therefore, defendant is not entitled to have the reference stricken from his PSIR.

## C. OV 4 SCORING

Defendant also contends that the trial court incorrectly assessed 10 points for OV 4. Even if we accept that the trial court erred in assessing points for OV 4, because correction would not impact defendant's sentencing guidelines minimum range, resentencing on these grounds is not required.

"A claim that the sentencing guidelines range was improperly calculated is preserved by raising the issue at sentencing, in a motion for resentencing, or in a motion to remand." *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016) (quotation marks and citation omitted). Defendant failed to argue at sentencing, in a motion for resentencing, or in a motion to remand, that the trial court incorrectly scored OV 4. Therefore, defendant failed to preserve this issue for appeal.

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Unpreserved issues are reviewed for plain error affecting the defendant's substantial rights. *Carines*, 460 Mich at 763. Because defendant failed to preserve this claim of error, he must prove: 1) an error occurred, 2) the error was plain, i.e., clear or obvious, and 3) the plain error affected his substantial rights by showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. *Id*.

Offense Variable 4 involves psychological injury to a victim and directs a sentencing court to assess 10 points if "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). A sentencing court is required to "[s]core 10 points if the serious psychological injury may require professional treatment," but "the fact that treatment has not been sought is not conclusive." MCL 777.34(1)(a)(2). "This Court has held that a victim's 'statements about feeling angry, hurt, violated, and frightened' support a score of 10 points for OV 4." *People v Wellman*, 320 Mich App 603, 609; 910 NW2d 304 (2017), quoting *People v Williams*, 298 Mich App 121, 124; 825 NW2d 671 (2012). In *Wellman*, this Court upheld the assessment of 10 points for OV 4 despite that the victim declined to submit a victim-impact statement or testify explicitly that the defendant caused her psychological injury. *Wellman*, 320 Mich App at 607-609, 612.

In this case, the trial court assessed 10 points for OV 4 for each of defendant's convictions. Because defendant did not object to the scoring of OV 4, the record is silent regarding the court's scoring decision. The record, however, indicates that the officer testified during proceedings in this case that he felt like defendant intended to kill him and feared for his life and that the persons who intervened saved his life. The victim's testimony indicated his fear and psychological injury that may require professional treatment in the future. Our Supreme Court, however, has concluded that "(a) points for OV 4 may not be assessed solely on the basis of a trial court's conclusion that

a 'serious psychological injury' would normally occur as a result of the crime perpetrated against the victim and (b) evidence of fear while a crime is being committed, by itself, is insufficient to assess points for OV 4." *People v White*, 501 Mich 160, 163; 905 NW2d 228 (2017). Regardless, analysis of the OV scoring in this case indicates that even if the trial court incorrectly scored OV 4, because correction of the incorrect scoring would not affect defendant's guidelines range for either conviction, defendant is not entitled to resentencing on the basis of such scoring error. *People v Baskerville*, 333 Mich App 276, 303; 963 NW2d 620 (2020).

## D. UPWARD DEPARTURE SENTENCE

Defendant also argues that he is entitled to resentencing because the trial court erred by imposing an upward departure beyond the minimum sentence range calculated under the guidelines because the sentence is unreasonable and disproportionate. We agree the outside guidelines sentence was improper.

We review a departure sentence for reasonableness. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). Michigan's sentencing guidelines are advisory only. *Id.* at 364-365. "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). A trial court abuses its discretion when it violates the principle of proportionality, *id.*, at 477, which "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender," *id.* at 460 (quotation marks and citation omitted).

Under MCL 769.34(3), a trial court "may depart from the appropriate sentence range established under the guidelines . . . if the departure is reasonable and the court states on the record the reasons for departure." A sentence that departs from the applicable guidelines range is reviewed for reasonableness. *Lockridge*, 498 Mich at 392. A sentence is reasonable if it adheres to the principle of proportionality. *People v Walden*, 319 Mich App 344, 351; 901 NW2d 142 (2017). The principle of proportionality requires sentences be "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 460 (quotation marks and citation omitted). In sentencing a defendant, a trial court may consider factors that include, but are not limited to:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*Walden*, 319 Mich App at 352-353 (quotation marks and citations omitted).]

When departing from the sentencing guidelines, a trial court must "justify the sentence imposed in order to facilitate appellate review," *Lockridge*, 498 Mich at 392. The sentencing court should explain "why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been," *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (quotation marks and citation omitted). A trial court cannot base a departure sentence "on an offense characteristic or offender characteristic already taken into account in

determining the appropriate sentence range unless the court finds from the facts contained in the court record, including the [PSIR], that the characteristic has been given inadequate or disproportionate weight." MCL 769.34(3)(b). "[E]ven in cases in which reasons exist to justify a departure sentence, the trial court's articulation of the reasons for imposing a departure sentence must explain how the extent of the departure is proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse (On Remand)*, 322 Mich App 233, 239; 911 NW2d 253 (2017). In *Dixon-Bey*, this Court explained:

> Therefore, relevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime; (2) factors not considered by the guidelines; and (3) factors considered by the guidelines but given inadequate weight. When making this determination and sentencing a defendant, a trial court must justify the sentence imposed in order to facilitate appellate review which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been. [*Dixon-Bey*, 321 Mich App at 525 (quotation marks and citations omitted.]

> * * *

> Other factors listed by this Court in *People v Steanhouse*, 313 Mich App 1, 46; 880 NW2d 297 (2015), rev'd in part on other grounds *Steanhouse*, 500 Mich 453 (2017), include "the defendant's misconduct while in custody, [*People v*] *Houston*, 448 Mich [312,] 323[; 532 NW2d 508 (1995)] the defendant's expressions of remorse, *id*., and the defendant's potential for rehabilitation, *id*." [*Dixon-Bey*, 321 Mich App at 525 n 9.]

In this case, the trial court calculated defendant's applicable minimum sentencing guidelines range as 19 to 47 months' imprisonment for AWIGBH, MCL 750.84(1), and 10 to 28 months' imprisonment for assaulting, resisting, or obstructing a police officer, MCL 750.81d(2). The trial court departed upward from that minimum range and sentenced defendant to serve a minimum term of 5 years for AWIGBH, a 13-month upward departure, and 4 years for assaulting, resisting, or obstructing a police officer, a 20-month upward departure. The trial court explained its reasons for the sentences as follows:

> You know, quite frankly, [defendant] took a traffic situation, a traffic offense which would have been some type of a misdemeanor matter and turned it into a very serious felony, and that's really what happened here for no—for no reason, and for literally no reason, and the officer was injured, and the jury took that into consideration.

> * * *

> But again, I look at the circumstances of the case and I think that sentence is warranted and that again, I think again the Defendant just turn—turned a basic

traffic matter, minor accident into very—a very, very serious felony and—and should be treated as such.

The trial court's justification for the sentences was based on the escalation of an otherwise minor traffic incident into serious and severe felony offenses. This escalation of conduct was reflected in the sentencing guidelines. Instead of a possible misdemeanor or less serious felony offense, defendant's escalated and assaultive conduct raised his case to an offense in the crime against person group and crime class D of the Michigan sentencing guidelines. By definition, in the facts of this case, this escalation was taken into consideration by the sentencing guidelines. As a result, relying on this as a basis to upward depart was error. We therefore vacate defendant's sentence and remand for resentencing.

Affirmed in part, vacated in part, and remanded to the trial court for resentencing. We retain jurisdiction.

/s/ Kathleen Jansen
/s/ James Robert Redford
/s/ Christopher P. Yates

# Court of Appeals, State of Michigan

## ORDER

Kathleen Jansen
Presiding Judge

People of MI v Devinci Osiris Dumas

James Robert Redford

Docket No.    358310

LC No.        21-005740-FH

Christopher P. Yates
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court.  We retain jurisdiction.

Proceedings on remand in this matter shall commence within 63 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded.  As stated in the accompanying opinion, we remand this case to the trial court for resentencing. The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand.  Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

March 9, 2023
Date

_____
Chief Clerk